# ZONNE *v.* MINNEAPOLIS SYNDICATE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES
FOR THE DISTRICT OF MINNESOTA.

No. 627.   Argued January 19, 1911.—Decided March 13, 1911.

A corporation, the sole purpose whereof is to hold title to a single parcel of real estate subject to a long lease and,for convenience of the stockholders,to receive and distribute the rentals arising from such lease and proceeds of disposition of the land, and which has disqualified itself from doing any other business, is not a corporation doing business within the meaning of the corporation tax provisions of the act of August 5, 1909, c. 6, 36 Stat. 11, 112, and is not subject to the tax.

THE facts, which involve the construction of the Corporation Tax Law, are stated in the opinion.

*Mr. John R. Van Derlip*, with whom *Mr. Burt F. Lum* was on the brief, for appellant:

Even if the Corporation Tax Law is constitutional, it is not operative as respects the appellant. It is not a corporation organized for profit; it is not carrying on or doing business of any kind; its only income has been rental paid to, and received by, it under a lease, for a term of 130 years, of a tract of land owned by it in the city of Minneapolis, which is the only property it possesses.

It will thus be seen that the entire property of the corporation is such that it has no power to engage in business, for profit or otherwise, and that, if the corporation be taxable at all, it is solely by reason of its ownership of the premises described, which the Attorney General concedes, in the brief filed in March, 1910, does not fall within the purview of the law.

Appellant is not organized for profit. In order to constitute a business corporation or the carrying on or doing of business by a corporation for profit, the profits must be profits arising from the carrying on and doing business. *Mundy* v. *Van Hoose*, 104 Georgia, 292. "Profit" is distinct from "income" and "organized for profit" does not mean "owning property" so as to embrace corporations which, though passive, receive incomes from invested property, but not from "carrying on or doing business." *Gray* v. *Darlington*, 15 Wall. 63; *Bennett* v. *Austin*, 81 N. Y. 308, 319; *People* v. *Supervisors*, 4 Hill, 20.

The corporation is not carrying on or doing business. *Riberts* v. *State*, 26 Florida, 362; *State* v. *Boston Club*, 45 La. Ann. 585; *Lyons-Thomas Hardware Co.* v. *Perry Stove Mfg. Co.*, 86 Texas, 153; *Graham* v. *Hendricks*, 22 La. Ann. 524; *Harris* v. *State*, 50 Alabama, 127; *In re Alabama &c. Ry. Co.*, 9 Blatchf. 390; *S. C.*, Fed. Cas. No. 124;

*Holmes* v. *Holmes*, 40 Connecticut, 117; *People* v. *Horn Silver Mining Co.*, 105 N. Y. 76, 83; *State* v. *Barnes*, 126 N. Car. 1063.

Individual acts performed for the private benefit of a person are not taxable as constituting the doing or carrying on of business. 21 Am. & Eng. Ency. of Law, 2d ed., 811, n. 8; Cooley on Taxation, 2d ed., 571; *State* v. *Anniston Rolling Mills*, 125 Alabama, 121.

As to what constitutes "business" see *Goddard* v. *Chaffee*, 2 Allen, 395; *Hickey* v. *Thompson*, 52 Arkansas, 237; *Shryock* v. *Latimer*, 57 Texas, 677; *Braeutigan* v. *Edwards*, 38 N. J. Eq. 545. The defendant corporation has no property except its leased land. The corporation has no income except rents; the law does not apply to holding companies.

As to the attitude of Congress in respect of this class of corporations, there is no room for debate. Not only are they excluded from the application of the act by its plain words (paragraph first), but, by the express affirmative action of Congress, they were excluded. See debates in 44 Congressional Record, 4228; and remarks of Senators Aldrich, Clapp, Cummins and others (p. 4233).

There was no appearance or brief filed for appellee.

*The Solicitor General* for the United States by leave of the Court.

MR. JUSTICE DAY delivered the opinion of the court.

This case involves the validity of the Corporation Tax Law just passed upon in No. 407, *Flint* v. *Stone Tracy Company, ante,* p. 107.

The case presents a peculiarity of corporate organization and purpose not involved in the case just decided. The Minneapolis Syndicate, as the allegations of the bill,

admitted by the demurrer, show, was originally organized for and engaged in the business of letting stores and offices in a building owned by it, and collecting and receiving rents therefor. On the twenty-seventh of December, 1906, the corporation demised and let all of the tracts, lots and parcels of land belonging to it, being the westerly half of block 87 in the city of Minneapolis, to Richard M. Bradley, Arthur Lyman and Russell Tyson as trustees, for the term of 130 years from January 1, 1907, at an annual rental of $61,000, to be paid by said lessees to said corporation. At that time the corporation caused its articles of incorporation, which had theretofore been those of a corporation organized for profit, to be so amended as to read:

"The sole purpose of the corporation shall be to hold the title to the westerly one-half of block 87 of the town of Minneapolis, now vested in the corporation, subject to a lease thereof for a term of one hundred and thirty years from January 1, 1907, and, for the convenience of its stockholders, to receive, and to distribute among them, from time to time, the rentals that accrue under said lease, and the proceeds of any disposition of said land."

As we have construed the Corporation Tax Law (*Flint* v. *Stone Tracy Co.*, *ante*, p. 107), it provides for an excise upon the carrying on or doing of business in a corporate capacity. We have held in the preceding cases that corporations organized for profit under the laws of the State, authorized to manage and rent real estate, and being so engaged, are doing business within the meaning of the law, and are therefore liable to the tax imposed.

The corporation involved in the present case, as originally organized and owning and renting an office building, was doing business within the meaning of the statute as we have construed it. Upon the record now presented we are of opinion that the Minneapolis Syndicate, after the demise of the property and reorganization of the corpora-

tion, was not engaged in doing business within the meaning of the act. It had wholly parted with control and management of the property; its sole authority was to hold the title subject to the lease for 130 years, to receive and distribute the rentals which might accrue under the terms of the lease, or the proceeds of any sale of the land if it should be sold. The corporation had practically gone out of business in connection with the property and had disqualified itself by the terms of reorganization from any activity in respect to it. We are of opinion that the corporation was not doing business in such wise as to make it subject to the tax imposed by the act of 1909. Holding this view, we think the court below erred in sustaining the demurrer to the bill. The decree of the court below is therefore reversed and the cause remanded to the Circuit Court of the United States for the District of Minnesota with directions to overrule the demurrer and for further proceedings consistent with this opinion.

*Reversed.*