### STRAUS v. ABRAST REALTY CO. et al.

(District Court, E. D. New York. July 22, 1912.)

CORPORATIONS (§ 189*)—CORPORATION TAX—PAYMENT—INJUNCTION—ADEQUATE REMEDY AT LAW.

Under Rev. St. §§ 3224, 3226 (U. S. Comp. St. 1901, p. 2088), conferring on a party who has paid a tax to the United States under protest the right to sue for its recovery, and forbidding the maintenance of any suit to restrain the assessment or collection of taxes by the United States, a corporation had an adequate remedy at law to recover internal revenue taxes assessed against its income under Act Cong. Aug. 5, 1909, c. 6, 36 Stat. 11 (U. S. Comp. St. Supp. 1911, p. 741), and hence a stockholder could not maintain a suit to restrain the corporation from paying the tax on the ground that the corporation was not subject to assessment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 706–722; Dec. Dig. § 189.*]

In Equity. Suit by Nathan Straus against the Abrast Realty Company and another. On application for preliminary injunction. Denied.

Edward M. Grout, of New York City, for complainant.

William J. Youngs, U. S. Atty., of Brooklyn, N. Y., for Collector of Internal Revenue.

VEEDER, District Judge. This is an application for a preliminary injunction in an action brought by a director of the Abrast Realty Company to restrain that company and its treasurer from paying to the Collector of Internal Revenue for this district a tax assessed against it under the act of Congress of August 5, 1909, entitled "An act to provide revenue, equalize duties and encourage the industries of the United States, and for other purposes," being a tax on the income of the defendant corporation for the year 1911. The judge,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

who signed the order to show cause why a preliminary injunction should not issue, required the Collector of Internal Revenue, also, to show cause.

The Abrast Realty Company is the owner of certain real estate in the borough of Brooklyn, which it has leased to Abraham Abraham, Isidor Straus, Nathan Straus, and Simon F. Rothschild, copartners under the firm name of Abraham & Straus. The sole object for which the corporation was formed, as stated in its amended charter, is:

"To hold title to certain real property situated in the borough of Brooklyn, city of New York, county of Kings, and state of New York, being the real property formerly owned by stockholders of this corporation, which real property was then and still is occupied and used by tenants of said stockholders, and which real property will continue to be rented to the tenants of this corporation under and by virtue of two certain leases thereof, each for a term expiring on February 1, 1918, and each containing options for renewals until February 1, 1978, and for the convenience of its stockholders to receive and distribute among them from time to time the rentals that accrue in said leases and the proceeds of any disposition of said land."

The complainant alleges that the corporation has not engaged in business of any kind, and contends that, under the decision of the Supreme Court in the case of Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 Sup. Ct. 361, 55 L. Ed. 428, it is not subject to assessment.

The general grounds of objection to the relief sought by the complainant in this application are plainly stated by the Supreme Court in Corbus v. Alaska Treadwell Gold Mining Co., 187 U. S. 455, 23 Sup. Ct. 157, 47 L. Ed. 256. It is a conclusive answer to all the grounds upon which the claim to equitable relief is based that the act of Congress under which the assessment in question was made affords a plain and adequate remedy at law. The statutes of the United States, in express terms, give a party who has paid a tax under protest the right to sue for its recovery, and forbid the maintenance of any suit for the purpose of restraining the assessment or collection of taxes. Rev. St. §§ 3224, 3226 (U. S. Comp. St. 1901, p. 2088). Repeated decisions of the Supreme Court have accordingly established the rule that the proper course in case of illegal taxation is to pay the tax under protest and bring an action against the officer who collected it.

The complainant seeks to do the very thing that the law prohibits. At the outset of his dissenting opinion in the Income Tax Cases, 157 U. S. 429, 15 Sup. Ct. 673, 39 L. Ed. 759, Mr. Justice White characterized in forcible terms the claim to relief in the form in which it is sought here. If a stockholder cannot have the collection of the tax enjoined, it seems obvious that he cannot have the corporation enjoined from paying it, and thus do by indirection what he cannot do directly. The assertion that this is only a suit to prevent the voluntary payment of the tax suggests that the court may, by an order operating directly upon the defendant corporation and its officers, accomplish a result which the statute manifestly intended should not be accomplished by suit in any court. But to restrain a corporation or its

officers from paying a tax, the collection of which cannot be restrained in any court, would be a palpable evasion of the statute. Suppose, notwithstanding the granting of such an injunction, the Collector proceeds to collect from the defendant corporation. If the court's judgment is sufficient in law to justify resistance to such collection, then we have beyond doubt a case in which a suit has been maintained to restrain the collection of taxes. If such judgment does not conclude the Collector, who was not a party to the suit in which it was rendered, then it is of no avail to the plaintiff. In other words, no form of expression can conceal the fact that the real object of this action is to prevent the collection of taxes imposed by Congress, notwithstanding the express statutory requirement that:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The circumstances under which the Income Tax Cases nevertheless proceeded to judgment upon the merits is disclosed at the outset of the opinion of Chief Justice Fuller,. speaking for the majority of the court:

"The objection of adequate remedy at law was not raised below, nor is it now raised by appellees, if it could be entertained at all at this stage of the proceedings; and, so far as it was within the power of the government to do so, the question of jurisdiction, for the purposes of the case, was explicitly waived on the argument. The relief sought was in respect of voluntary action by the defendant company, and not in respect of the assessment and collection themselves. Under these circumstances we should not be justified in declining to proceed upon the merits."

It is apparent, therefore, as Mr. Justice Brewer said in Corbus v. Alaska Treadwell Gold Mining Co., supra, that the decision in the Income Tax Cases "does not determine to what extent a court of equity will permit a stockholder to maintain a suit nominally against the corporation, but really for its benefit." Nor does the decision in the Corporation Tax Cases, 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389 (including Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 Sup. Ct. 361, 55 L. Ed. 428), which were presented to the Supreme Court upon a similar record. In this case, however, the Collector is a party to the order to show cause, and the United States Attorney has appeared specially for him in opposition.

The application for a preliminary injunction is denied.