## LITTLE FOUR OIL & GAS CO. v. LEWELLYN.

## SAME v. HEINER, Collector of Internal Revenue.

District Court, W. D. Pennsylvania. June 28, 1928.

Nos. 5489, 5490.

W. G. Heiner, of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and Rowland S. H. Dyer, Sp. Atty. Bureau of Internal Revenue, of Boston, Mass., for defendants.

THOMSON, District Judge. These actions are brought against the defendants to recover income and profits taxes paid under protest to the defendants for the calendar years 1919 and 1920, claims for refund having been duly made and rejected.

Plaintiff alleges, in its statements of claim, that it is an organization operating under a declaration of trust beginning in 1916, a copy of which is attached to and made a part of the statement of claim, and, as such, not subject to taxation as a corporation under the Revenue Act of 1918 (40 Stat. 1057).

The defendants filed affidavits of defense, raising questions of law; their legal position being that plaintiff, during the years 1919 and 1920, was a corporation within the meaning of the Revenue Act of 1918, and particularly section 1 thereof, which defines a corporation to include associations, joint-stock companies, and insurance companies.

Plaintiff's contention is that, although the term "corporation," in the Revenue Acts, has been defined to include associations, joint-stock companies, and insurance companies, being a "trust," it does not come within the meaning of those terms; while defendant contends that, although plaintiff has been declared to be a trust, it is an association within the meaning of the statute.

The facts of the case briefly stated, are these: Four men, by declaration of trust, dated June 26, 1916, assigned certain property and contract rights to themselves as trustees, it being held upon the terms therein set forth; this instrument was amended on January 14, 1918, both instruments being duly recorded. The trust was designated the "Little Four Oil & Gas Company," and was created for the purpose of buying and selling real estate and mining and drilling for oil and gas. Capital stock, common and preferred, was issued to the beneficiaries of the trust. The trustees were given full power in the management of the trust, which was to continue for a period of 21 years. It was provided that additional shares of stock should be sold from time to time in the discretion of the trustees; that the death of any stockholder during the continuance of the trust shall not terminate the trust; and the shares of stock were transferable.

Trustees were to call meetings of stockholders annually, and report the receipts and disbursements of the preceding years; should declare dividends from the net income of the trust fund amongst the stockholders quarterly, or oftener, if convenient; and their decision as to the amount of dividends, and as to using any portion of the surplus fund, should be final. Any vacancy for any cause should be filled by the remaining trustees. Each trustee should be responsible only for his own willful and corrupt breach of trust. While the business of the trust was to be conducted by the trustees, certain contracts and acts required the concurrence of three trustees; only the assets of the trust were liable for debts, and neither the trustees nor the stockholders were personally liable for losses.

Section 1 of the Revenue Acts of 1918 and 1921 (40 Stat. 1057; 42 Stat. 227) provides that the term "person" shall include partnerships and corporations, as well as individuals; that the term "corporation" includes associations, joint-stock companies, and insurance companies, and the term "taxpayer" includes any person, trust, or estate subject to the tax imposed by the act.

Section 230 (a) provides for a tax upon the net income of every corporation. Section 1000 (a) provides a special excise tax with respect to carrying on or doing business. Section 2, Schedule A (42 Stat. 303), provides for a stamp tax on each original issue of certificates of stock by any corporation. Revenue Act 1924, § 2 (a), 26 USCA § 1262, provides that, "when used in this act, * * * the term 'corporation' includes associations, joint stock companies, and insurance companies."

I think the proper decision in this case may be reached from a careful study of the cases of Crocker v. Malley, 249 U. S. 223, 39 S. Ct. 270, 63 L. Ed. 573, 2 A. L. R. 1601, Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949, and Burk-Waggoner Oil Association v. Hopkins, Collector, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183. In Crocker v. Malley, a Maine paper-manufacturing corporation had mills in Massachusetts and outlying land. It formed a corporation in Massachusetts, conveyed to the latter its mills, and gave a long-term lease for the real property, receiving therefor the stock of the Massachusetts corporation. The Maine company then transferred to the trustees the fee of the property subject to the lease, left the Massachustts stock in the trustees' hands, and was dissolved. The court held that the plaintiffs were not liable for income tax as an association or joint-stock company.

In Hecht v. Malley, the Supreme Court commenting on the Crocker Case, at page 160 of 265 U. S. (44 S. Ct. 468), speaking of the opinion, said:

"This opinion is based primarily upon the view that the Income Tax Act, considering its purpose, did not show a clear intention to impose upon the trustees as an 'association' a double liability in reference to the dividends on stock in the corporation that itself paid an income tax, when considered as 'trustees' they were by another provision of the act exempt from such payment. And the language used arguendo in reaching this conclusion that the trustees could not be deemed an association unless all trustees with discretionary powers are such, * * * is to be read in the light of the trust agreement there involved, under which the trustees were, in substance, merely holding property for the collection of the income and its distribution.

among the beneficiaries, and were not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business. Zonne v. Minneapolis Syndicate, 220 U. S. 187 [31 S. Ct. 361, 55 L. Ed. 428]; * * * Smith v. Anderson, L. R., 15 Ch. Div. 247."

This case of Hecht v. Malley was dealing with the taxable status, under the Revenue Act of 1918, of three different organizations created by a declaration of trust. The organizations were "the Hecht Real Estate Trust," "the Haymarket Trust," and "the Crocker Burbank & Company Association." The Hecht Real Estate Trust was established on real estate used for business purposes. Beneficiaries were issued no par value certificates of stock. The certificates were transferable. The trust was a family affair, and it was provided that the certificates could not be transferred to any person outside of the family without first being offered to the trustees. The latter had full and complete powers of management, but no power personally to bind the certificate holders. There were no regular meetings of the certificate holders, but they had power to remove and appoint trustees, or change the scope of the purposes of the business.

The Haymarket Trust was much the same as the first, except that it was strictly a business enterprise. The Crocker Burbank & Company Association was also a business organization somewhat broader than the other trusts, in that its business also involved manufacturing. In this case the court pointed out a substantial change in the Revenue Act here involved from earlier acts, the latter imposing a tax on business enterprises "organized under the laws of the United States, or any state or territory," whereas the act here involved imposes a tax on business enterprises "created or organized in the United States and carrying on or doing business therein." In the opinion, the court, among other things, said:

" * * * In our opinion, the intention of Congress is plainly shown to extend the tax from one imposed solely upon organizations exercising statutory privileges, as theretofore, to include also organizations exercising the privilege of doing business as associations at the common law. . * * * The word 'association' appears to be used in the act in its ordinary meaning. It has been defined as a term 'used throughout the United States to signify a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise.' * * *

"We think that the word 'association,' as used in the act, clearly includes 'Massachusetts trusts' such as those herein involved, having quasi corporate organizations under which they are engaged in carrying on business enterprises. * * * We do not believe that it was intended that organizations of this character * * * should be exempt from the excise tax on the privilege of carrying on their business merely because such a slight measure of control may be vested in the beneficiaries that they might be deemed strict trusts. * * * "

In the case of Burk-Waggoner Oil Association v. Hopkins, Collector, it was held that unincorporated joint-stock associations, like those described in Hecht v. Malley, are corporations within the meaning of the Revenue Act of 1918, and subject, like corporations, to the income and excess profits taxes imposed by that act. This conclusion was reached, notwithstanding the fact that, under the law of Texas, such associations are partnerships, which, under the Revenue Act of 1918, are subjected to income and excess profits taxes different from those imposed upon corporations. Mr. Justice Brandeis, in his opinion, said:

"It is clear that Congress intended to subject such joint-stock associations to the income and excess profits taxes as well as to the capital stock tax. The definition given to the term 'corporation' in section 1 applies to the entire act. The language of the section presents no ambiguity. * * * It is true that Congress cannot convert into a corporation an organization which by the law of its state is deemed to be a partnership. But nothing in the Constitution precludes Congress from taxing as a corporation an association which, although unincorporated, transacts its business as if it were incorporated. The power of Congress so to tax associations is not affected by the fact that, under the law of a particular state, the association cannot hold title to property, or that its shareholders are individually liable for the association's debts, or that it is not recognized as a legal entity. Neither the conception of unincorporated associations prevailing under the local law, nor the relation under that law of the association to its shareholders, nor their relation to each other and to outsiders, is of legal significance as bearing upon the power of Congress to determine how and at what rate the income of the joint enterprise shall be taxed."

These cases would seem to demonstrate:

that the Supreme Court has not limited its decision in Hecht v. Malley to the excise tax provisions of the act, but has clearly extended the same to include the income and profits tax provisions of that act.

It is my opinion that these decisions, taken together, are, on principle, decisive against the plaintiff's claim in this case. This conclusion is supported by the provisions of Regulations 45, articles 1501, 1502, 1504, promulgated January 28, 1921, by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, relating to the Revenue Act of 1918. The questions of law, therefore, raised by the defendants' affidavit of defense, are found in their favor.