*1426 OPINION-
Aettndell :
In the case of Durfee Mineral Co., 1 B. T. A. 231, after a careful consideration of the authorities, particularly the cases of Crocker v. Malley, 249 U. S. 223, and Hecht v. Malley, 265 U. S. 144, we concluded that the question of whether a particular organization, such as the petitioner here, is a trust or an association for income-tax purposes should be determined by applying the double *1427 test of control, and doing business, especially the latter, the sole test of control not being sufficient. In E. A. Landreth, 11 B. T. A. 1, we again had occasion to consider the effects of the Qrocker and Hecht decisions on questions of this character. In that proceeding we said at page 20:
It thus appears that the court discards the test of control in determining whether such a trust is an association, under the revenue acts, and makes the test whether it was or was not organized for purely business purposes. This seems to be the true distinction.
See also Trustees for the Creditors and Stockholders of Gonsolus Creek Oil Co., 12 B. T. A. 310. The Hecht decision was interpreted in a similar manner by the Circuit Court of Appeals for the First Circuit in the case of White v. Hornblower, 27 Fed. (2d) 777, wherein it was said that:
The measure of control over the trust vested in the beneficiaries does not seem to be the determining factor, but rather whether the trustees are conducting a business for profit or gain.
Here the shareholders of petitioner gaye the trustees very broad powers under the agreement of February 4, 1920, set out in full in our findings of fact. Pending the conversion of the property assigned to them for management and control into money, which was not to be deferred longer than 20 years, the trustees had, among other powers, unrestricted power (1) to not only collect and receive the income from the property, but to lease, mortgage, exchange, improve and develop the property; (2) to use any funds on hand, whether received as capital or as income, for the purppse of repairing, improving, protecting, or developing the property held by them, subject only to the condition that the sum set aside as a reserve for such purposes should not exceed a necessary amount; (3) to borrow money; (4) to employ agents and attorneys, and (5,) to fill any vacancy on the board of trustees and modify the declaration of trust, with the consent of a majority in interest of the shareholders.
The powers thus voluntarily granted by the shareholders under the declaration of trust were broad enough to enable the trustees to carry on such a business as would necessarily follow from the active operation and development of oil and gas-producing land. That the trustees actually carried on a business enterprise for profit in a manner similar to corporate bodies, appears evident from the evidence before us. The trustees maintained and operated the lease, paying all of the cost of extracting oil and gas from well No. 1, which petitioner owned in its entirety, and their proportionate share of the upkeep and operating costs of wells Nos. 2 and 3, which had been drilled by Boberts & Hill under the contract of February 20, *1428 1919, and sold all of the oil and gas produced on the lease. The fact that the men who actually did the pumping, maintained the wells in operating condition, etc., were not employees of the trustees, but of the copartnership of Roberts & Hill, is immaterial, since the work was under the supervision of Roberts as a trustee of petitioner, and it eventually paid all or its share of the whole cost, depending upon which of the wells the expenditure was made.
In the Durfee Mineral Co. case, it appears that the only act performed by the trustees was the leasing of the property held by them, yet we held the taxpayer to be an association for income-tax purposes. In Heoht v. Malley, supra, the court, said that “ a corporation owning and renting an office building is engaged in business within the meaning of an excise statute ”, citing Flint v. Stone Tracy Co., 220 U. S. 107, and Zonne v. Minneapolis Syndicate, 220 U. S. 187.
We are of the opinion that the shareholders were associated together in a manner similar to corporate bodies, for business purposes; that it did engage in business, and that it is taxable as an association.
The petitioner is not asking us to apply any of the tests provided by section 704 of the Revenue Act of 1928 to determine its taxable status. We do not know when it filed its return for the taxable period or the date of the termination of its existence beyond the fact that it occurred some time between August 1, 1925, and November 6, 1926. Regulations 45, 65, and 69, one of which was in effect when' petitioner was required by law to file a return or at the time it ceased to exist, do not appear to be contrary to our decision, and we have not been referred to any applicable ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue that is opposed to our conclusion. _

Judgment will be entered for the respondent.