*1061 OPINION.
TRAMmell:
The Revenue Acts of 1921 and 1924, in section 230, impose a tax at specified rates “ upon the net income of every corporation ” and in section (2) provide that the term “ corporation ” includes “ associations, joint-stock companies, and insurance companies.” Said Acts also provide, in section 219, for an entirely different method of taxing the net income of trusts, the tax in some in *1062 stances being payable by the fiduciaries and in others by the beneficiaries upon the amount of the net income distributable to each.
The respondent determined that the Hillsboro Court Syndicate was an “association” subject to tax as a corporation. The deficiencies involved were computed accerdingly, and 25 per cent penalties added thereto for failure to file returns. The correctness of the respondent’s computations is not questioned. However, the petitioners assert that the syndicate is not an “ association ” within the meaning of the statutes, but is a trust (of which they were the trustees), and that it is taxable only 8.⅝ such.
It is not contended that said syndicate is either a “ joint-stock company ” or an “ insurance company,” and therefore it can be taxed at the rates applicable to corporations only if the facts are such that it must be held, for income-tax purposes, to be an “ association.” If it is not an “ association,” it is not taxable as a corporation. What, then, is an “ association ” within the purview of the statute, and what is a “trust”? What is the material and fundamental distinction between them ?
The form of organization involved in this proceeding is what is commonly known as a Massachusetts trust, and it is at once apparent that in many respects it bears a close resemblance to common law trusteeships, and in others, it possesses the attributes of an unincorporated joint-stock association.
So-called Massachusetts trusts may be divided into two classes. The first class consists of those where the trustees merely invest and collect dividends or interest or rental (from a single lease) and distribute such income among the shareholders. These are held to be common law trusteeships, as where a trustee under a will collects income and distributes it among the beneficiaries.
The second class is composed of business trusts, the trustees of which carry on active business enterprises for profit. These are simply unincorporated joint-stock associations. Cook on Corporations, vol. Ill, 8th ed., 2251, et seq., where it is further stated:
Tliese two lines of decisions probably mark tlie true line of distinction. Certainly those who carry on an active business for profit, through others, are principals and not merely beneficiaries, irrespective of how much or how little power of management and control they exercise, actually or by the terms of the original agreement. A silent participant in the profits of a business concern is liable for its debts, even though he take no part in its management.
The theory that these trusts should be divided according to whether the shareholders exercise great or little powers of control is only confusing. The trust instrument may be drawn either way. * * * The real test is whether the shareholders or trustees or both combined carry on business; if so, they are a business trust, with liability for debts and taxes.
To sustain their contention, the petitioners herein rely upon and cite us to the decision of the Supreme Court of the United States in *1063 Crocker v. Malley, 249 U. S. 223. The respondent relies mainly upon the decision of the same court in Hecht v. Malley, 265 U. S. 144.
In Crocker v. Malley, supra, taxes were assessed against the plaintiffs as a joint-stock association within the meaning of the Income Tax Act of October 3, 1913, and were levied in respect of dividends received from a corporation that itself was taxable upon its net income. The plaintiffs were trustees of the Wachusett Eealty Trust, which was organized under the following circumstances: A Maine paper-manufacturing corporation, with eight stockholders, had its mills on the Nashua River in Massachusetts, and owned outlying land to protect the river from polution. In 1912 a corporation was formed in Massachusetts. The Maine corporation conveyed to it seven mills and let to it an eighth that was in process of construction, together with the outlying lands and tenaments, on a long lease, receiving the stock of the Massachusetts corporation in return. The Maine corporation then transferred to the plaintiffs as trustees the fee of the property subject to lease, left the Massachusetts stock in their hands, and was dissolved.
In brief, the trustees received the property in trust to convert the same into money and distribute the net proceeds to the persons holding the trustees’ receipt certificates. The trust was created because of the determination of the Maine corporation to dissolve without waiting for the final cash sale of its real estate, and was declared to be for the benefit of its eight stockholders. The purpose of the trust was not to engage in a business enterprise for profit, but to convert the property into money and distribute the net proceeds, including current net income, to the beneficiaries. It was on this broad principal that the court held that it was not taxable as an association. In its opinion, the court said:
The function of the trustees is not to manage the mills but simply to collect the rents and income of such property as may be in their hands, with a large discret.on in the application of it, but with a recognition that the receipt holders are entitled to it subject to the exercise of the powers confided to the trustees. In fact, the whole income, less taxes and similar expenses, has been paid oyer in due proportion to the holders of the receipts.
In the later case of Hecht v. Malley, supra, which arose under the Revenue Acts of 1916 and 1918, the court referred to its opinion in Crocker v. Malley, and said:
This opinion * * * is to be read in the light of the trust agreement there involved, under which the trustees were, in substance, merely holding property for the collection of the income and its distribution among the beneficiaries, and were not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business.
It is significant to note that the Wachusett Realty Trust, which the court in Crocker v. Malley held was not taxable as an association, was *1064 again before the court in Hecht v. Malley under the name of The Crocker, Burbank & Company Association, and it appearing that the original trust agreement had been modified, with the assent of the certificate holders, so that the trustees were authorized to acquire the entire property of the corporation and to carry on the business theretofore conducted by it, the court held it was no longer a nontaxable trust, but was taxable as an association.
Owning and renting an office building constitutes the carrying on of a business for profit. Flint v. Stone Tracy Co., 220 U. S. 107, 171; Zonne v. Minneapolis Syndicate, 220 U. S. 187, 190.
The Hillsboro Court Syndicate, through the petitioners as trustees, was engaged in the business of owning and operating an apartment house for profit. Certainly the functions of the trustees far exceeded the mere collection of the income from property in their hands and its distribution among the beneficiaries. They were, we think, actively engaged in carrying on a business venture for profit through the instrumentality of an organization of quasi-corporate form. Except only in the lack of control of the trustees by the certificate holders, the functions of the trustees were not, in any material respect, vastly different from those usually exercised by the directors of a corporation. While the matter of control or lack of control may be an element which should be taken into consideration (Extension Oil Co., 16 B. T. A. 1028-1034), we have held that the absence of control of the trustees by the shareholders would not convert into a trust what would otherwise be an association. E. A. Landreth Co., 11 B. T. A. 1.
In our opinion, the agreement set out in our findings of fact created an “ association ” within the meaning of the Revenue Acts of 1921 and 1924, which is taxable as a corporation. Little Four Oil & Gas Co. v. Lewellyn, 29 Fed. (2d) 137; 35 Fed. (2d) 149; Anderson Steam Vulcanizer Co., 6 B. T. A. 737; Durfee Mineral Co., 7 B. T. A. 231; E. A. Landreth Co., supra; Alexander Trust Property, 12 B. T. A. 1226.
The determination of the respondent is approved.

Judgment will be entered for the respondent.