C. H. ATHERTON, ALFRED L. CASTLE, W. W. CHAMBERLAIN, H. S. JOHNSON, AND L. TENNEY PECK, TRUSTEES OF THE KAAUILA LAND TRUST, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28263, 29547.   Promulgated May 27, 1930.

*Bernhard Knollenberg, Esq.,* for the petitioners.
*Bruce A. Low, Esq.,* and *L. H. Rushbrook, Esq.,* for the respondent.

OPINION.

TRAMMELL: At the hearing counsel for the respondent conceded that no gain or loss resulted from the sale of the property in 1922 and that the taxable gain from the property sold in 1923 was $28,110.60. This leaves for our consideration the questions (1) whether the Kaauila Land Trust was for the years 1922, 1923, and 1925 taxable as a trust or as a corporation, and (2) if taxable as a corporation, whether the fair market value at March 1, 1913, or the fair market value at May 1, 1922, the date of the transfer to the Kaauila Land Trust, is the basis for determining the profit on the sale of the property in 1925. The respondent's admissions with respect to the profits on the sales of property in 1922 and 1923 appear

to arise from computations based on the fair market value of the properties at the time of acquisition by the Kaauila Land Trust instead of the fair market value at March 1, 1913.

The petitioners contend that the Kaauila Land Trust is a trust and not an association within the meaning of the income-tax laws. In support of this contention they urge that the trust was not organized as a business enterprise, nor was it carrying on business during the taxable years here involved.

The form of organization here involved is what is commonly known as a Massachusetts trust. These trusts have heretofore been considered by us on various occasions. See *Durfee Mineral Co.*, 7 B. T. A. 231; *E. A. Landreth Co.*, 11 B. T. A. 1; *Wilson Syndicate Trust*, 14 B. T. A. 508; affd., 39 Fed. (2d) 43; and *J. W. Pritchett et al., Trustees*, 17 B. T. A. 1056.

Respecting this type of trusts, we said in the *Pritchett* case:

So-called Massachusetts trusts may be divided into two classes. The first class consists of those where the trustees merely invest and collect dividends or interest or rental (from a single lease) and distribute such income among the shareholders. These are held to be common law trusteeships, as where a trustee under a will collects income and distributes it among the beneficiaries.

The second class is composed of business trusts, the trustees of which carry on active business enterprises for profit. These are simply unincorporated joint-stock associations. Cook on Corporations, vol. III, 8th ed. 2251, *et seq.*, where it is further stated:

These two lines of decisions probably mark the true line of distinction. Certainly those who carry on an active business for profit, through others, are principals and not merely beneficiaries, irrespective of how much or how little power of management and control they may exercise, actually or by the terms of the original agreement. A silent participant in the profits of a business concern is liable for its debts, even though he takes no part in its management.

The theory that these trusts should be divided according to whether the shareholders exercise great or little powers of control is only confusing. The trust instrument may be drawn either way. * * * The real test is whether the shareholders or trustees or both combined carry on business; if so, they are a business trust, with liability for debts and taxes.

In holding certain trusts taxable as associations, the court in *Hecht* v. *Malley*, 265 U. S. 144, said:

We conclude, therefore, that when the nature of the three trusts here involved is considered, as the petitioners are not merely trustees for collecting funds and paying them over, but are associated together in much the same manner as the directors in a corporation for the purpose of carrying on business enterprises, the trusts are to be deemed associations within the meaning of the Act of 1918; this being true independently of the large measure of control exercised by the beneficiaries in the *Hecht* and *Haymarket* cases which much exceeds that exercised by the beneficiaries under the Wachusett Trust. We do not believe that it was intended that organizations of this character—described as " associations " by the Massachusetts statutes and subject to duties and

liabilities as such—should be exempt from the excise tax on the privilege of carrying on their business merely because such a slight measure of control may be vested in the beneficiaries that they might be deemed strict trusts within the rule established by the Massachusetts courts.

It appears that the court discards the test of control in determining whether a trust is an association, under the revenue acts, and makes the test whether such trust was or was not organized for purely business purposes. To us this seems to be the true test. See *E. A. Landreth Co.*, *supra*.

The Honolulu Rapid Transit Co., Ltd., in accepting its new charter found it desirable and advisable to divest itself of certain real estate holdings which had no relationship with or use in the operation of its public utility activities. Local real estate conditions not then being favorable to the disposition of all these holdings at a fair value, the Kaauila Land Trust was formed for the purpose of taking title to the holdings and retaining them until such time as they could be sold advantageously, and then selling them and distributing the proceeds to the certificate holders who in the first instance were stockholders in the Honolulu Rapid Transit Co., Ltd. The trustees began selling the land in 1922 and continued to sell it as rapidly as possible, considering market conditions therefor.

While the trustees under the trust instrument were given broad powers and under such powers could undoubtedly have entered into extensive business undertakings, yet the record clearly shows that they have observed closely the purpose for which the trust was formed, namely, the liquidation of the real estate holdings transferred to them by the Honolulu Rapid Transit Co., Ltd., and the payment of the proceeds to the certificate holders. The collection of rent on such holdings until they were sold and the payment of taxes and expenses were in our opinion only incidental.

The court, in affirming *Wilson Syndicate Trust*, *supra*, said:

It is contended that the test is whether the respondent was conducting a business and the beneficiaries had control of the trustees. To sustain this a number of cases dealing with the doing of business are cited. They need not be reviewed as it may be considered settled, within the meaning of the taxing laws, that if a corporation is doing that for which it was organized, for the purpose of earning profit, very slight activity is sufficient to constitute the doing of business. *Flint* vs. *Stone Tracy Co.*, 220 U. S. 107. On the other hand, if a corporation is not organized for profit but merely to hold real estate for ultimate disposal and liquidation it is not doing business although it incidentally collects the rents and distributes them. *Zonne* vs. *Minneapolis Syndicate*, 220 U. S. 187, *U. S.* v. *Emery*, etc., 237 U. S. 28.

\*　　\*　　\*　　\*　　\*　　\*　　\*

The difference between the respondent and the Massachusetts Trusts considered in *Hecht* vs. *Malley*, *supra*, is very marked. The respondent was not organized for the purpose of doing business for profit, nor for doing business at all. Its purpose was to liquidate and distribute an estate. The beneficiaries,

other than its creator, had no vested interest in the property and no voice in instituting the trust. They received their distributive portions purely as donations from their mother and could not dispose of their interests, except by an equitable assignment of their rights, subject to the orderly administration of the trust. Such slight business activities as the trustee conducted were in furtherance of the ultimate purpose of liquidation and distribution. The similarity as to the provisions for terminating the trust, amending the deed and removing and electing trustees are hardly material as they are not unusual in express trusts.

We think the foregoing is applicable here, and are accordingly of the opinion that the Kaauila Land Trust was not organized for doing business for profit nor was it doing business during the years here involved, and that the respondent was in error in determining that it is taxable as a corporation.

Having found that the Kaauila Land Trust is not taxable as a corporation, it becomes unnecessary to determine the basis for computing the profit on the property sold in 1925.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*