Julius Blum, Trustee, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 39242, 40939, 45741, 51507.   Promulgated January 11, 1932.

*A. Calder Mackay, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

122

OPINION.

LANSDON: The respondent has held that the petitioner is a trustee of an "association" within the provisions of section 2 (2) of the Revenue Act of 1921, and taxable as a corporation on its income in the years considered. The petitioner contends that his status, at all times material, was that of a simple trustee empowered only to receive and disburse income.

In the leading case of *Hecht* v. *Malley*, 265 U. S. 144, which has been cited by both parties to this controversy, the Supreme Court of the United States held that the word "association" as used in the act signifies "a body of persons united without a charter, but upon the methods and forms used by incorporated bodies, for the prosecution of some common enterprises."

Article 1312 of Regulations 74 defines associations within the class taxable as corporations as organizations, by whatever name known, which act or do business in an organized capacity. Organization, then, and the doing of business in substantial conformity with the methods and forms used by incorporated bodies, would seem to be the requirements recognized by the courts and the Treasury regulations. "Organization," and the "doing of business" must unite before the entity may be taxed as a corporation. *Philadelphia & Reading Relief Assn.*, 4 B. T. A. 713; *Albert M. Briggs*, 7 B. T. A. 409; and *Realty Associates*, 17 B. T. A. 1173. Such a lack of organization was pointed out by this Board in its opinion in *Realty Associates*, *supra*. There seventeen individuals subscribed to a fund which they paid over to a real estate operator to invest in exploiting Long Island real estate. For identification purposes their project was called the "Brighton Syndicate," and each contributor to the fund was to share ratably in the profits from any investment made by the operator, who was made "Syndicate Manager." No control, however, was retained over the manager in any form by the con-

tributors and no form of organization was provided for in the seventeen separate contracts. We held there, although the manager was carrying on business as a corporation might have carried it on, that no *organization* was formed, and, therefore, there could be no association within the statute. In *Crocker* v. *Malley*, 249 U. S. 223, there was some resemblance of organization, but no carrying on of any business as contemplated in law. There a corporation, prior to dissolution, conveyed the fee to certain paper mills, under lease, and its interest in such leases to trustees for the benefit of its stockholders. The trust instrument directed the trustees to collect all rentals from the leased property and all proceeds from the sale of any of it, in case of a sale; and, at their discretion, but not later than 20 years after the death of persons then living, to distribute ratably the funds of the trust to the stockholders. The participating stockholders were issued transferable trustees' receipt certificates representing their respective interests in the trust and were given a voice in filling any vacancy in the trustees and in any change in the terms of the trust agreement. In view of this *quasi-corporate* structure, the Government argued that the trustee and the certificate holders, when considered collectively, constituted an association within the statute. The Supreme Court, however, took a contrary view, and held that the trustees must be considered alone; and that, when so considered, their functions, so long as limited to the single duty of collecting and disbursing rents, could not be construed as carrying on business within the rule. Later, however, a change in the affairs of these associates came about which reversed their taxable status and changed the simple trust into an association taxable as a corporation.

This change was brought about as a result of a repurchase, by the Crocker interests, of a number of paper mills they had sold to the leasing corporation, and the cancellation of the leases they had made to it of others, which the trustees were holding under the trust agreement. To meet this situation the trustees and their beneficiaries amended the trust agreement so as to authorize the trustees to " acquire instead its entire property and to carry on the business theretofore conducted by it, or any substantially similar business." The title to all the trust property " and the right to conduct all business " were vested " exclusively in the trustees," who were authorized to select from among them a president and other officers with prescribed duties. The certificate holders were authorized to remove and elect the trustees in meetings, the same as stockholders of a corporation would elect directors. In these changed conditions these associates came before the court a second time, as one of a consolidated group whose cases were considered together in *Hecht* v. *Malley, supra.* In this second consideration of the Crocker associates, the Supreme

Court of the United States, in its opinion, pointed out the structural changes in their organization, as above mentioned, and said: " By this modification ' the form of [the] organization ' was specifically ' changed to that of an association ' under its present name." Also, taking notice of the change from a passive trust to that of active business, the court said: " Since the modification of the trust agreement the trustees have carried on the manufacturing business in substantially the same manner as it was formerly conducted by the corporation." Accordingly, it held that the Crocker associates were taxable as a corporation within the law.

We do not understand it to be the respondent's contention that a single individual, as in this case, considered alone in his limited capacity as trustee, would be taxable as a corporation upon the bare rents collected and disbursed by him; but, he argues that the several beneficiaries and the trustee were engaged in the oil business, and, considered collectively, that the trust agreement tied them together in an association which gave corporate form and effect to their operation within the law. The same contention was raised in *Crocker* v. *Malley, supra,* respecting which the court said:

\* \* \* We perceive no ground for grouping the two—beneficiaries and trustees—together, in order to turn them into an association, by uniting their contrasted functions and powers, although they are in no proper sense associated. It seems to be an unnatural perversion of a well-known institution of the law.

The circumstances herein bring this appeal clearly within the purview of the decision in *Lansdowne Realty Trust* v. *Commissioner*, 50 Fed. (2d) 834. There, the trustees held only such assets as were the property of the beneficiaries before the trust was declared and the income from such property was already provided for under the terms of a certain five-year lease theretofore executed, during which period, including the taxable year, they did nothing more than collect and distribute the rentals. Here, the corpus of the trust was property owned by the beneficiaries before the declaration of trust was executed and the disposition of the income therefrom was already provided for during the term of the drilling contract. The only function of the trustee was to receive and distribute the income in the manner provided by the trust instrument, and even this duty was delegated to a bank, which received and distributed income from the sale of oil as it accrued.

In our opinion there was no corporate attribute in the organization structure here involved, or in the business, that brought it within the provision of the section of the tax laws, and that it is not an association taxable as a corporation. *Realty Associates, supra; Zonne* v. *Minneapolis Syndicate,* 220 U. S. 189; *Allen* v. *Commissioner,* 49 Fed. (2d) 716.

In view of our conclusions, as stated, upon the basic issue, it becomes unnecessary to consider the remaining assignments of error.
*Decision will be entered for the petitioner.*