*97 OPINION.
Lansdon:
The petitioners contend that during the taxable year they were engaged in the discharge of a liquidating trust and that the resulting income was merely incidental to said efforts. The respondent contends that the petitioners were engaged in a business for profit, and that their relationship made them an association, taxable as a corporation.
We think the record fairly supports the view that the purpose of the conveyance to the petitioners was to expedite liquidation of the assets of their corporation, but no time limit was fixed and they were not to sell the assets when it would cause “ sacrifice or injury ” to the beneficiaries. In the meantime they were required to continue operation of the properties. Something of their methods of operation during the eleven years is shown by one of the petitioners in his testimony before the Board. When asked by his counsel to state briefly just what they did, he testified as follows:
We let it out on shares to raise rice, which we continued until * * * for rice growing you have to have lots of water, and we continued with that, year after year, until the land played out. It grows what you call water grass on it and kills off the rice, and then the rice season came and the river got dry, so you could not raise rice without water, and it was a failure. And then we discovered that rice was a gambling speculation and we bought cattle to feed there, as I have stated, and stock-raising, because farmers in that country, in that neighborhood down there, Mr. Borden, for one, had a big stock farm, and had done well on that. So we profited from him and the Pierce estate, different ones who do the same thing, which brought us some income from the land, because it laid vacant and run out on account of this water grass, so we could not raise rice profitably.
Some of the lands were sold, but the petitioners claim that the bulk of the property at no time in the eleven years following could have been sold except at a sacrifice, and for this reason they continued operation of the properties, with loss in some years and substantial profit in others. The schedule set out in our findings of fact shows something of the scope those operations assumed in the taxable year.
Whether it was due to their inability to sell the trust assets, or their desire to improve and develop the property for a higher market price, it would seem clear from this record, that after the first few years of their trusteeship the petitioners temporarily, at least, aban- *98 cloned the idea of liquidating. Their investments in cattle, and changing from rice-growing to livestock-raising, along with other investments and improvements, show an intent, we think, to defer liquidating indefinitely.
The controlling issue here is not related to what the petitioners could have done, but rather what they did do to produce the income sought to be taxed. United States v. Emery-Bird Thayer Realty Co., 237 U. S. 28. The cases cited by the petitioners in their brief support the views thus announced. In Zonne v. Minneapolis Syndicate, 220 U. S. 187, cited by petitioners, the powers given to the trustees of a dissolved corporation were almost identical with the powers given these petitioners in their trust instrument; but, in that case the only acts of the trustee in the year were confined to the collection and disbursement of rent upon leases of property of the trust estate. Operation was not involved. The s.ame facts obtained in Lansdowne Realty Trust v. Commissioner, 50 Fed. (2d) 56, which the petitioners say is “close in point.” In the case at bar the petitioners have continued the operation of the properties of the dissolved corporation in the same manner and along the same lines as did the corporation and there is nothing in the record to indicate, even remotely, when they intend to liquidate them. We think that a reasonable latitude respecting operation should be given the liquidators of a corporation so as to avoid sacrificing the assets upon a low market, as well as to increase their sale price; but operations continued beyond a reasonable time, as we think the facts here show, must be treated as a continuation of the business of the dissolved corporation by the trustees. Willis v. Commissioner, 58 Fed. (2d) 121; Little Four Oil & Cas Co. v. Lewellyn, 35 Fed. (2d) 149.
Reviewed by the Board.

Decision will be entered for the respondent.