**KINGKADE HOTEL CO. v: JONES,**
Collector of Internal Revenue.

No. 6382.

District Court, W. D. Oklahoma.

June 26, 1939.

Richard A. Billups, Sr. (of Billups, Billups & Billups), of Oklahoma City, Okl., for plaintiff.

Lester L. Gibson, Sp. Asst. to Atty. Gen., of Washington, D. C., and Wade H. Loofbourrow, Asst. U. S. Atty., of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

The plaintiff is a corporation owning three hotel properties and a garage in Oklahoma City, Oklahoma. The Hotel Kingkade Company is another corporation organized largely from the stockholders of the Kingkade Hotel Company and is an operating company. It operates the hotels and garage under a lease contract with the plaintiff. The original contract, which was in writing and executed in 1910, provided that the first six months the rentals should be $2,300 per month; the next succeeding fifty-four months, $2,500; and, the next succeeding sixty months, $3,000. Since that time, however, the plaintiff has purchased the Bristol Hotel and another hotel, all of which have been operated by the Hotel Kingkade Company.

The plaintiff made its return of capital stock tax for the years 1933, 1934 and 1935 disclosing tax liabilities of $154, $143 and $130, respectively. The total amount $427, for the refund of which this suit was instituted.

It is the contention of the plaintiff that this is an excise tax and is not due and payable unless it is shown that the plaintiff is "doing business" as a corporation in the state of Oklahoma.

The plaintiff further contends that the only business that it does is to collect the rents, pay the taxes, insurance and interest. That during the years 1933, 1934 and 1935 the plaintiff company paid no salaries. It paid no dividends. It had no source of income except the rentals from these buildings and all of the income which it received during those years was paid out for taxes, interest, insurance and on the mortgage indebtedness.

The sole question here is whether or not, under the facts as disclosed in this case, the plaintiff was "doing business" as

provided by the revenue laws. The authorities on this question are numerous and there has been a wide difference of opinion among the courts as to how far a corporation can go as a holding company without being regarded as "doing business."

The Revenue Act of 1934, 48 Stat. 680, 769, Chap. 277, Title V, is in part as follows:

"Sec. 701 [Section 1358]. Capital stock tax

"(a) For each year ending June 30, beginning with the year ending June 30, 1934, there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock." 26 U.S.C.A. § 1358 (a).

Article 31, The Treasury Regulations 64 (1934 Ed.), defines the tax as follows:

"The tax is an excise tax imposed with respect to the carrying on or doing business by a corporation during any part of a taxable year ending June 30. It is an excise tax on carrying on or doing business and not on the business itself."

The evidence is undisputed that during the years 1933, 1934 and 1935 the sole income that the plaintiff company had was from the rentals derived from the properties which it owned and that it did no business of any nature or character except to receive the rentals, pay the taxes, interest and insurance, and provide for the mortgaged indebtedness. No dividends were paid and no salaries were paid any of its officers. Can it be said to be "doing business" under that state of facts?

A brief reference only is made to the authorities cited in the briefs.

The Third Circuit Court of Appeals, in Harmar Coal Co. v. Heiner, Collector of Internal Revenue, 3 Cir., 34 F.2d 725, 727, said:

"In the early cases of Flint v. Stone Tracy Co., 220 U.S. 107, 171, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312, and Zonne v. Minneapolis Syndicate, 220 U.S. 187, 31 S.Ct. 361, 55 L.Ed. 428, preceding the case of United States v. Emery, Bird, Thayer Realty Co., 237 U.S. 28, 35 S.Ct. 499, 59 L.Ed. 825, where it was said that 'the question is rather what the corporation is doing than what it could do,' the Supreme Court held that 'corporations organized for the purpose of doing business, and actually engaged in such activities as leasing property, collecting rents, managing office buildings, making investments of profits * * * dividing profits, and in some cases investing the surplus, are engaged in business within the meaning of this statute, and in the capacity necessary to make such organizations subject to the law', but that a corporation whose sole purpose is to hold title to a single parcel of real estate subject to a long lease and for convenience of the stockholders to receive and distribute the rentals, 'and which has disqualified itself from doing any other business,' is not a corporation doing business within the meaning of the corporation tax provisions of the Tariff Act of 1909. The line between doing business and not doing business the court pointed out in United States v. Emery, Bird, Thayer Realty Co., supra, lies between Cedar Street Company v. Park Realty Company, one of the Flint v. Stone Tracy Co. cases, 220 U.S. 107, 170, 31 S.Ct. 342, 55 L.Ed. 389, Ann. Cas.1912B, 1312, and Zonne v. Minneapolis Syndicate, 220 U.S. 187, 31 S.Ct. 361, 55 L.Ed. 428, stating that the latter case was carried perhaps a little farther by McCoach v. Minehill & S. H. R. Co., 228 U.S. 295, 33 S.Ct. 419, 57 L.Ed 842, where the activities of the corporation in respect to its leased properties covered something more than the maintenance of its corporate existence and distribution of rentals yet where it had ceased to do the business of railroading for which it was incorporated."

An examination of the case of United States v. Emery, Bird, Thayer Realty Company, supra, discloses that Mr. Justice Holmes, who wrote the opinion, felt that there was a definite line of demarcation between one merely holding real estate, collecting the rents, disbursing the proceeds therefrom and maintaining the corporation as a holding company, and one operating or managing a business.

The evidence in this case is clear that the Hotel Kingkade Company, the operating company, collected all of the room rentals and rentals from the individual tenants, and that the plaintiff corporation had nothing whatever to do with the operations of the business.

■ It is contended by the government that the articles of incorporation gave the plaintiff company the right and power to engage in business. This may be true, but the test is not what the corporate powers are but what the corporation actually does.

510

The court is satisfied that the plaintiff corporation was not "doing business" as contemplated by the Act and that the plaintiff should recover the sum prayed for. An exception is allowed the defendant. Findings of fact, conclusions of law and a form of judgment, consistent with this opinion, may be submitted within ten days from this date.