### ALUMINUM MANUFACTURES, Inc., v. UNITED STATES.

#### Civil Action No. 20216.

District Court, N. D. Ohio, E. D.

Aug. 11, 1942.

John Scott, of M. B. & H. H. Johnson, of Cleveland, Ohio, for plaintiff.

Don C. Miller, U. S. Atty., and Francis B. Kavanagh, Asst. U. S. Atty., both of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

The question to be determined in this case is whether the plaintiff was carrying on or doing business during the taxable period. Or, stated differently, did the activity of the company during the taxable period subject it to the tax imposed by Section 215 of the National Industrial Recovery Act, 48 Stat. 207?

The evidence establishes that prior to the taxable period the plaintiff had sold its merchandise to the Aluminum Corporation of America, and had leased all its real estate, buildings, machinery, equipment, apparatus, etc., for twenty-five years, granting at the same time to the lessee rights in patents, trade-marks, and trade names. The lease provided that the lessee should pay all rents, taxes, assessments, insurance, and other charges, and maintain the property leased. The rental to be paid was a sum equal to $2 on each outstanding share of common stock, plus a sum sufficient to meet accruing dividends and retirement provisions with reference to preferred stock. It was clearly established that after the lease the plaintiff ceased to perform the specific purposes for which it was incorporated. It paid no salary to officers, ceased to act as manufacturer, and had in its possession only such property as came to it in the form of cash from the lease or other prior contracts. From money which it received as rent or in payment of property sold, it made a loan of $65,000 to the lessee, the lessee having offered to pay a higher rate of interest than that offered by the banks. The plaintiff of course paid income and other taxes assessable against it, and a fee to its transfer agent, and some legal expenses. During the entire taxable period the assets of the corporation consisted of cash, stocks, bonds, notes, accounts, and the property leased. The income received by the plaintiff, consisting of rent and interest, was disbursed according to the provisions of

the lease and the charter of the corporation. It also paid a small sum for workmen's compensation, based upon an employment dating back to its active period of manufacturing. It seems clear that the corporation was merely a conduit by which income from the property was transferred to its stockholders.

Since the tax imposed is based upon the doing of business and not mere corporate existence or ownership of property, it seems to the court that the plaintiff is exempt from the tax imposed.

Because the conclusion in this case is different from that arrived at in Goodyear Investment Corporation v. Collectors of Internal Revenue, D.C., Jones, J.,[1] it is necessary to distinguish this case from the former cases. In those cases the court found that the plaintiff "was performing a valuable service for the parent company and was carrying on the activities for which it was created". In this case, however, the plaintiff ceased entirely to carry on the activities for which it had been incorporated. Where a corporation has in fact discontinued the activities for which it was chartered and is merely accepting rents and paying dividends, even though retaining its corporate powers of action, it has been held not to be "doing business". McCoach v. Minehill & Schuylkill Haven R. Co., 228 U.S. 295, 33 S.Ct. 419, 57 L.Ed. 842; Zonne v. Minneapolis Syndicate, 220 U.S. 187, 31 S.Ct. 361, 55 L. Ed. 428; National Commercial Title & Mortgage Guaranty Co. v. Duffy, D.C., 42 F.Supp. 844.

As was stated by the late Judge Denison in Traction Companies v. Collectors, 6 Cir., 1915, 223 F. 984, 988: "* * * The true test of distinction must be, as applied to corporations of this class, whether they are continuing the body and substance of the business for which they were organized and in which they set out, or whether they have substantially retired from it and turned it over to another. If the latter appears, then their tax exempt status must be tested by the further query whether they have, during the critical period, done only such acts as are properly and normally incidental to the status of a mere lessor of such property, or whether they have exercised their peculiar corporate franchises outside of and beyond the fair scope of that status."

The court finds that the plaintiff was not "doing business" during the period between June 16, 1933, and June 30, 1933, nor at any time during the taxable year, except such acts as were properly and normally incident to its condition as lessor of its property. Judgment therefore will be entered for the plaintiff, and if findings of fact and conclusions are necessary, they may be prepared in accordance with the rules.

---

[1] No opinion for publication.