**JOHNSON'S ESTATE v. UNITED STATES.**
No. 44018.

Court of Claims.

Feb. 3, 1941.

John Jay McKelvey, of New York City, for plaintiff.

Fred K. Dyar, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson, of Washington, D.C., on the brief), for defendant.

Before WHALEY, Chief Justice, and WHITAKER, LITTLETON, JONES, and GREEN, Judges.

GREEN, Judge.

This is a suit for the recovery of capital stock taxes paid for the fiscal years ending June 30, 1934, June 30, 1935, and June 30, 1936, imposed under the revenue acts then in force. Proper refund claims were filed and rejected.

The sole question presented by the case is whether the plaintiff was, during the years involved, "carrying on or doing business" within the meaning of the applicable laws.

The plaintiff is a corporation operating in New York City. Isaac G. Johnson, whose name appears in the corporate designation of plaintiff, died in 1899. He operated in partnership with his five sons a large steel-casting foundry, and in addition had some large real estate holdings. By his will Mr. Johnson left, with minor exceptions, all his property to his five sons, subject to a life interest of his widow. In the disposition of the estate two corporations were organized, one of which acquired from the executors the steel-casting business, with the real estate occupied by it, under the name of "Isaac G. Johnson & Company," the other, called "Estate of Isaac G. Johnson," is the plaintiff herein and was incorporated in 1904. This corporation bought from the executors all the other real estate held by Isaac G. Johnson, giving therefor its stock. The first-named corporation continued until 1933, when upon final liquidation its remaining assets passed to plaintiff.

The "purpose" clause of plaintiff's certificate of incorporation granted broad powers usual to real estate companies, and from its incorporation down to 1929 the plaintiff engaged in the general activities permitted. In 1929, by a resolution, the plaintiff declared that " * * * it is the policy of this corporation gradually to liquidate its affairs as its property can be advantageously disposed of and distribute its assets among its stockholders, * * * *" and distributed a liquidating dividend among its stockholders. Thereafter, the plaintiff discontinued many of the activities previously engaged in and generally reduced its operation to the maintenance and management of its remaining properties and the making of such sales as were deemed advantageous. It continued in that manner to and including the year 1936, and for some time later, but maintained an office with an accountant, two stenographers, and one or two ground keepers; receiving rents, making repairs, considering and undertaking agency contracts and projects for the favorable marketing of its holdings. During this period it was generally engaged in transactions which had for their purpose the ultimate disposition of existing holdings at a profit. At no time within this period did plaintiff purchase or otherwise acquire any new property, or engage in any activities not necessary for the preservation and care of the property which it then held, and the revenues which might be derived therefrom.

In determining the issue presented by the case before us, no very definite line can be drawn. As was said in Von Baumbach v. Sargent Land Co., 242 U.S. 503, 516, 37 S.Ct. 201, 204, 61 L.Ed. 460, "the decision in each instance must depend upon the particular facts before the court," and expressions can be found in the various decisions on the subject which do not seem to be entirely in harmony. It is contended by defendant that any concern operating in however slight degree to the end of profit or gain is "doing business" within the intent of the taxing act. We do not so read the law or interpret the decisions which so far as the Supreme Court is concerned were made under the statute taxing corporations as it then stood, upon the question of what constituted being engaged in business. The defendant relies largely upon certain statements made in the opinion rendered in Flint v. Stone Tracy Co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312, in which it was held that the several plaintiffs were engaged in business. We think it is unnecessary to review this case as it has been fully considered by the Supreme Court in later decisions in which its meaning was defined and its application determined. To these decisions reference will be made hereinafter.

In the case of McCoach v. Minehill & S. H. Railway Co., 228 U.S. 295, 33 S.Ct. 419, 424, 57 L.Ed. 842, it was said that, "The distinction is between (a) the receipt of income from outside property or investments by a company that is otherwise engaged in business; in which event the investment income may be added to the business income in order to arrive at the measure of the tax; and (b) the receipt of income from property or investments by a company that is not engaged in business except the business of owning the property, maintaining the investments, collecting the income, and dividing it among its stockholders. In the former case the tax is payable; in the latter not."

If we apply the rule laid down above, it is clear that the plaintiff was not doing business in the period involved as it made no investments and was not in receipt of income from what might be called outside property. Its only operations were in owning the property, maintaining the investments, collecting the income and dividing it among the stockholders.

It is true that there was in this case a dissenting opinion, but this dissenting opinion appears to have been based largely on the fact that the taxpayer maintained a considerable force in active employment and entirely apart from the lease of its property, and especially that it so deposited and invested its funds to create an annual income which depended largely on the efficiency of management. The dissenting opinion, as we view it, is not in conflict with that portion of the majority opinion which we have cited.

In the instant case the plaintiff corporation as originally constituted had broad powers and it engaged in the usual activities of a corporation created for the purpose of dealing in real estate for a profit. It carried on this business for a number of years during which it made outside investments and engaged in various transactions which were not necessary to preserve the interest which the plaintiff had in property already owned but for the purpose of making a profit otherwise. Twenty-five years after its original incorporation it declared that its activities would henceforth be confined to liquidation of its assets and the preservation of its property. As a matter of course it endeavored in closing out this property to make a profit and the condition of the real estate market at the time rendered the process of liquidation rather slow, but this court has held that the fact that a profit is sought in the liquidating process is not sufficient to make the corporation subject to the tax.

It is urged by defendant that the tax is upon the privilege of doing business in a corporate capacity. This is true, but all the transactions of a corporation must be done in its corporate form and if this alone were sufficient then a corporation which exercised any activity whatever would be liable to the tax. That this is not the rule is too well established to require the citation of any decisions. Two elements must appear to make the capital stock tax applicable: (1) transactions in corporate form; and (2) these transactions must be of such a nature as to constitute doing business. If the property had been left in the hands of the executor and he had proceeded to do the same things which were done by the corporation in the liquidating process, no one would contend that the executor was carrying on a business. The operations and transactions of the corporation were carried on merely for the purpose of reducing the property of the estate to a form in which it could be readily

distributed among the heirs and such activities, we think, do not constitute a business.

■ In support of defendant's argument Edwards v. Chile Copper Co., 270 U.S. 452, 46 S.Ct. 345, 346, 70 L.Ed. 678, is quoted, but the quotation shows that the corporation held taxable was doing what it "principally was organized to do [which was to carry on a complicated set of transactions] in order to realize profit". In the instant case, an examination of the purpose clause in the certificate of plaintiff's incorporation (as set out in Finding 5) shows a long list of activities nearly all of which had been abandoned. In fact only the holding, owning, and selling of real estate remained and the principal purpose was not profit but to liquidate the estate.

The case of Edgar Estates Corp. v. United States, 65 Ct.Cl. 415, is cited in support of defendant's contention. But in that case it appeared that the plaintiff purchased and sold stock at a profit and it was held that considering all the activities of the corporation a degree of business activity was maintained within the meaning of the revenue law although the amount of business done was small.

The case of the Union Land & Timber Co. v. United States, 65 Ct.Cl. 129, presents facts quite similar to those which appear in the case at bar. Like the corporation in the case before us, the Union Land & Timber Co. was granted and exercised broad powers under its original charter of incorporation but eventually the plaintiff corporation resolved to liquidate and in pursuance of this resolution its activities were reduced to the necessities of liquidation. From that time on its efforts were to realize the best possible price for its lands and other property but the progress of disposition was delayed and required many years. This court in its opinion quoted from the case of Von Baumbach v. Sargent Land Co., supra, as follows: "The fair test to be derived from a consideration of all of them is between a corporation which has reduced its activities to the owning and holding of property and the distribution of its avails, and doing only the acts necessary to continue that status, and one which is still active and is maintaining its organization for the purpose of continued efforts in the pursuit of profit and gain and such activities as are essential to those purposes."

Applying this rule, which we think is also applicable to the case at bar, the court held that the Union Land & Timber Co. was not subject to the tax.

This court further held in the same opinion that the fact that a liquidating corporation put forth its best efforts to realize the greatest possible sum for its assets and that profits might at times be realized does not show it was "doing business" within the intent of the taxing act.

The plaintiff, during the period involved in the case, confined its activities to the owning, holding, and preservation of its property with intent to dispose of the same and distribute its avails in liquidation, and did only the acts necessary to continue that status. Applying the rules laid down in the Union Land & Timber Co. case, supra, to the facts before us, we are clear that the plaintiff was not subject to the tax.

The cases of Clallam Lumber Co. v. United States, D.C., 34 F.2d 947; Clallam Lumber Co. v. United States, 37 F.Supp. 542, decided July 29, 1940, and other decisions might be cited in support of the conclusion which we have reached.

It follows that plaintiff is entitled to recover the taxes paid for the years in controversy with interest as provided by law. Judgment will be rendered accordingly.

JONES, J., took no part in the decision of this case.