FIFTH AVE.-FOURTEENTH STREET
CORPORATION v. UNITED STATES.

No. 45444.

Court of Claims.

June 1, 1942.

Harry Friedman, of Washington, D. C., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before GREEN, LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

GREEN, Judge.

This is an action to recover capital stock taxes paid and alleged to have been wrongfully assessed against the plaintiff.

Plaintiff is a corporation with broad charter powers, but its only activities were as stated below:

During the period involved, it owned and operated a sixteen-story loft building usually leased to about twenty-eight tenants for a term of one year for lofts and five years for stores. The building was managed by an agent who collected the rents from the tenants and paid and attended to everything in connection with the operation of the building, remitting to plaintiff the net proceeds once a month. The leases were made by the agent subject to the approval of the plaintiff. The checks received from the agent were deposited and out of this fund the plaintiff paid the mortgage interest, taxes, insurance, and general or miscellaneous expense not directly connected with the operation of the building. Dividends were declared out of any profits and paid to the stockholders.

The only question presented by the case is whether plaintiff was, during the taxable years involved, "carrying on or doing business" within the meaning of the tax statute applicable, and the decision of this question must depend on the facts appearing in evidence.

The plaintiff relies on McCoach v. Minehill Railway Co., 228 U.S. 295, 33 S.Ct. 419, 57 L.Ed. 842, but a careful reading of the opinion in that case shows that instead of sustaining the plaintiff's contention that it was not doing business, it holds to the contrary. On page 302 of the opinion in 228 U.S., page 422 of 33 S.Ct., (quoting from another case), the court said: "We think it clear that corporations organized for the purpose of doing business, and actually engaged in such activities as leasing property, collecting rents, managing office buildings, * * * are engaged in business within the meaning of this statute, * * *."

The opinion also refers to the case of Zonne v. Minneapolis Syndicate, 220 U.S. 187, 31 S.Ct. 361, 55 L.Ed. 428, in which it appeared that a corporation originally "organized for and engaged in the business of letting stores and offices in a building owned by it, and collecting and receiving rents therefor, * * * had afterwards made a lease of all lands belonging to it to certain trustees for a term of 130 years" and amended its articles of incorporation so as to confine the purpose thereof to the ownership of the lands, subject to the lease. With reference to these operations, the court quoted with apparent approval from the decision in the case last cited as follows, at page 303 of the opinion, in 228 U.S., page 422 of 33 S.Ct., 57 L.Ed. 842: "The corporation involved in the present case, as originally organized, and owning and renting an office building, was doing business within the meaning of the statute as we have construed it. * * * [Italics supplied.]"

In the McCoach case, supra, the question was whether a corporation which had been operating a railway but which leased its railroad for nine hundred ninety-nine years and ceased to carry on any business in connection with it was subject to the excess profits tax on its income and the Supreme Court held in effect that it was not doing business within the meaning of the statute and not subject to the tax. It is plain that this case does not sustain the plaintiff's contention.

No precise and definite rule can be laid down in the determination of cases of the nature of the one before us.

As was said in Von Baumbach v. Sargent Land Co., 242 U.S. 503, 516, 37 S.Ct. 201, 204, 61 L.Ed. 460, " * * * the decision in each instance must depend upon the particular facts before the court." We are not here considering the rental of a single tract of land, a single house or a single room. The case involves a very large sixteen story building usually having about twenty-eight tenants for lofts and stores. Presumably it had corridors, stairways, elevators, a heating apparatus and the usual features of such a building. Employees were necessary, and the management of the building required a large amount of care and attention. All leases were made subject to the approval of the plaintiff and in every way the building was under its control. All these operations were conducted for a profit and the fact that they were carried on largely through an agent does not lessen plaintiff's responsibility. We are clear that the plaintiff was "doing business" within the meaning of the applicable statute. The plaintiff cites the case of the Estate of Isaac G. Johnson v. United States, 37 F.Supp. 617, 92 Ct. Cl. 483, but in this case it appeared that the operations of the corporation were solely for the purpose of liquidating its property and distributing the proceeds among its stockholders. While profit sometimes resulted, this was not the purpose of its activities.

The case last cited followed the rule laid down in the case of Union Land & Timber Co. v. United States, 65 Ct.Cl. 129, which cited Von Baumbach v. Sargent Land Co., supra, and others, and held in effect that a corporation which is solely engaged in liquidating its property and distributing its proceeds among the stockholders is not subject to the capital stock tax. These cases consequently give no support to plaintiff's contention that its numerous activities all conducted for the purpose of profit did not constitute doing business.

The petition of plaintiff must be dismissed, and it is so ordered.