**MT. HEBRON CORPORATION v.
UNITED STATES.
No. 45169.**

Court of Claims.
Oct. 4, 1943.

R. M. O'Hara, of Detroit, Mich., for plaintiff.

John A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER and MADDEN, Judges.

WHITAKER, Judge.

This is a suit to recover capital stock tax on the ground that plaintiff was not engaged in business.

Singer, Schlein and Cohen were managers of cemetery properties, including the Cedar Grove Cemetery Association. The senior partners wanted their sons, who were also members of the partnership, to acquire an interest in this company. Rutherford H. Walker and Thaddeus Walker had 10,000 shares of its stock which they were willing to sell for $700,000, $350,000 in cash, and the balance in installments. The sons were willing to buy it at this price, but they had available only $4,000 each, so the balance had to be borrowed. Presumably because they did not want to become personally liable for this large amount of money, they formed a corporation to borrow the money and buy the stock. To meet the cash payment this corporation borrowed from the partnership of Singer, Schlein & Cohen $340,000 for which it gave its note. This amount and $10,000 of the $12,000 which the young men had paid for plaintiff's stock was paid in cash for the 10,000 shares of stock of the Cedar Grove Cemetery Association, and plaintiff's notes were given for the balance.

The capital stock tax is levied on the privilege of doing business as a corporation. Stanley Securities Co. v. United States, 38 F.2d 907, 69 Ct.Cl. 271, 283, and cases there cited. These young men did not want to enter on this venture in their individual capacities, with the liabilities incident thereto, but chose, instead, to avail themselves of the protection of a corporation. It is on the privilege of doing this, if this be doing business, that the tax is levied. The tax is levied "with respect to carrying on or doing business." The business at hand was the acquisition of this stock, the acquisition of the money to repay the money borrowed to make the cash payment and to pay the balance of the purchase price. The task at hand was to accumulate $690,000. Such an undertaking seems to us a business enterprise of considerable magnitude, with an investment of only $12,000. Since a corporation was used to carry out this business enterprise, liability for the excise tax imposed on this privilege accrues.

Later, all the members of the partnership of Singer, Schlein & Cohen used the plaintiff corporation to buy 9,885 additional shares of the Cedar Grove Cemetery Association stock. This involved a cash payment of $366,170 made by plaintiff corporation out of money borrowed from the partnership and the execution of its notes to cover the balance of $325,780. Still later 100 additional shares were bought by plaintiff with money advanced by the partnership. This gave plaintiff all but 15 shares of the total outstanding stock.

When it started the corporation had $12,000; within less than ten years it had bought and paid for 19,985 shares of the Cemetery stock at a cost of about $1,400,000; it had declared a dividend of $120,000, and it had $11,009.16 in its treasury. The venture had been highly successful. To have accomplished it was certainly doing business. It was accomplished by a wise investment, in the first place, and, then, by fine management of the properties by plaintiff's officers, all of whom were on the Board of Directors of the Cedar Grove Cemetery Association, under the guidance, no doubt, of their elder associate partners.

There have been a great many cases since the enactment of the Excise Tax Act of 1909, 36 Stat. 112, on what constitutes doing business, but no case just like this one has been found. However, the principle on which Magruder v. Wash., B. & A. Realty Corp., 316 U.S. 69, 62 S.Ct. 922, 924, 86 L. Ed. 1278, was decided is applicable here. In that case the company had been formed to take over property acquired by a bondholders' committee at a foreclosure sale and to sell it as soon as satisfactory prices could be obtained. Pending sales the properties were rented under short term leases to take care of the carrying charges. The corporation was held to be engaged in business. The court said: "* * * During the period in question respondent did not fall

into that state of quietude, covered by the specific language of Article 43(b) (2),[1] in which it was merely owning and holding specific property and distributing the resulting proceeds. See Zonne v. Minneapolis Syndicate, 220 U.S. 187, 31 S.Ct. 361, 55 L. Ed. 428; cf. Von Baumbach v. Sargent Land Co., 242 U.S. 503, 516, 517, 37 S.Ct. 201, 204, 61 L.Ed. 460. On the contrary, respondent was actively engaged in fulfilling the purpose of its creation, the liquidation of its holdings for the best obtainable price."

Here, as there, the corporation was "actively engaged in fulfilling the purpose of its creation," there, of liquidating, here, of acquiring property. Neither corporation had fallen "into that state of quietude, covered by the specific language of Article 43 (b) (2) [Treasury Reg. 64, 1936 ed.], in which it was merely owning and holding specific property and distributing the resulting proceeds."

We think the activities of this corporation were considerably broader than were those discussed in Zonne v. Minneapolis Syndicate, 220 U.S. 187, 31 S.Ct. 361, 55 L.Ed. 428; McCoach v. Minehill & Schuylkill Haven Railroad Co., 228 U.S. 295, 33 S.Ct. 419, 57 L.Ed. 842, and United States v. Emery, Bird, Thayer Realty Co., 237 U. S. 28, 35 S.Ct. 499, 59 L.Ed. 825, relied on by plaintiff. The corporations in the first two cases for a number of years had been active, but later each one had leased its entire properties to a single lessee and was doing nothing more than receiving and distributing the rent. In the last case the corporation was organized by the Emery, Bird, Thayer Dry Goods Company, which operated a dry goods store, for the sole purpose of holding title to the real estate owned by the Dry Goods Company. Its sole activity was in receiving and distributing the rent received from the Dry Goods Company.

The plaintiff in this case was engaged in the task of securing the money to purchase about $1,400,000 worth of stock, which it did over a period of about ten years. This was quite a sizable business enterprise. The individuals chose to do this through the medium of a corporation, rather than individually, and, for so doing, liability for the tax was incurred.

Plaintiff's petition will be dismissed. It is so ordered.

JONES, Judge, took no part in the decision of this case.

---

[1] "Exceptions.—Ordinarily the exceptions to 'doing business' are restricted to limited activities of a corporation, such as—

\*    \*    \*    \*

"(2) the distribution of the avails of property and the doing only of such acts as may be necessary for the maintenance of its corporate status in the case in which the corporation either was organized for, or has reduced its activities to, the mere owning and holding of specific property."