## LOUISVILLE PROPERTY CO. v. COMMISSIONER OF INTERNAL REVENUE.

## NATIONAL BANK OF MIDDLESBORO et al. v. UNITED STATES.

### Nos. 9527, 9616.

Circuit Court of Appeals, Sixth Circuit.

Feb. 7, 1944.

Geo. E. H. Goodner, of Washington, D. C. (H. L. Bryant and W. T. Davis, both of Pineville, Ky., and F. R. Whalen, of Middlesboro, Ky., on the brief), for petitioner and appellant.

Louise Foster, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, A. F. Prescott, Norman S. Altman, Helen R. Carloss, and Louise Foster, all of Washington, D. C., John T. Metcalf and Ben L. Kessinger, both of Lexington, Ky., on the brief), for Commissioner of Internal Revenue and United States.

Before SIMONS, HAMILTON, and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

The petition for review and the appeal involve the same question in a controversy between substantially the same parties. They were argued together, and may be disposed of in a single opinion. The issue is whether the assignee of corporate property, engaged in its orderly liquidation, is required, under the provisions of § 52 of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int.Rev.Code, § 52, to make a corporate income tax return and to pay corporate taxes after the corporation has divested itself of its property. A collateral question is whether a decision of the Board of Tax Appeals dismissing a petition by the assignee to review a former determination, on the ground that he is not the taxpayer, against whom the tax was asserted, is binding upon the Board and upon us under the doctrine of res judicata.

The corporation is the Louisville Property Company, organized in Kentucky to deal in real estate. In 1919 a Kentucky court ordered it placed in receivership for purposes of liquidation. Instead of complying, and to avoid the expense of receivership, all of the corporation's property was conveyed to a trust company for the benefit of creditors, with surplus to be distributed to stockholders. The corpora-

548

tion was not dissolved, but was kept alive solely, it is said, for the purpose of providing a register of stockholders in the event that their equity should prove of value. In 1935 the petitioner, Williams, succeeded the trust company as assignee, and has continued to administer the corporate property under the direction of the Kentucky court. He returned income for tax purposes as a fiduciary. The Commissioner of Internal Revenue, however, decided that under the terms of § 52 of the Revenue Acts of 1934 and 1936, Williams should have filed his returns as a corporation and on that basis determined a substantial deficiency for the tax years 1935 and 1936.

Williams, under the caption, "Louisville Property Co., H. C. Williams, Assignee," petitioned the Board of Tax Appeals to review the Commissioner's determination, and while review was pending the Commissioner determined a deficiency for 1937 on the same basis. Williams again sought review, this time as "H. C. Williams, Successor Assignee in Trust for the Benefit of the Creditors and Stockholders of Louisville Property Company." His petition was dismissed by the Board for lack of jurisdiction because the deficiency was determined against a corporation, whereas the review was sought by a wholly different person. There was no appeal from the order. Thereupon, Williams filed a motion in the 1935–36 case still pending, seeking to change the caption thereof to conform to that of his 1937 petition which had been dismissed. The motion was denied, notwithstanding argument that the earlier dismissal was res judicata. Upon consideration of the petition on its merits, the Commissioner was sustained and Williams, as Assignee, held liable for the corporation's taxes. He seeks in No. 9527 to review the order of the Board.

In the meanwhile, and after the Board's dismissal of the 1937 case had become final, the Commissioner asserted the 1937 deficiency against "Louisville Property Company, H. C. Williams, Assignee," issued an order of distraint and levied on an account which Williams, in his representative capacity, had in the Middlesboro Bank. Williams, advised the bank that he denied liability, so it refused to pay and the United States sued it in the District Court to compel payment. Williams intervened and pleaded res judicata, but the District Court, on motion, entered

summary judgment against the bank. The appeal in No. 9616 is from such judgment.

Section 52, identical in the Revenue Acts of 1934 and 1936, provides:

"In cases where receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, such receivers, trustees, or assignees shall make returns for such corporations in the same manner and form as corporations are required to make returns."

The petitioner and appellants contend that § 52 does not apply to Williams because, though an assignee of corporate property, he was not operating the property or business of the assigning corporation. In 1919 the corporation deeded all of its property in fee simple to the United States Trust Company of Louisville, in trust for the benefit of creditors and stockholders of the corporation, and following the transfer of its property ceased doing business. The operations of the trust company and its successor assignee, were for the purpose of achieving an orderly liquidation of the property without sacrificing it, and then to apply the proceeds on the debts of the corporation, and distribute excess, if any, to stockholders. While the property being liquidated, included coal-bearing land from which coal was mined upon a royalty basis, the assignees mined no coal. While other property contained timber which was sold off when it could be done to advantage, the assignees cut no timber and manufactured no lumber. Receipts were invested in United States Bonds for safekeeping, and his sole activity, Williams contends, was the sale of property and the payment of corporate debts. Liquidation, he urges, is the opposite of carrying on business even though income may be realized from the disposal of assets. Hence, he insists, he was not operating the business of the Louisville Property Company, because it had gone out of business, nor its property, because that had been conveyed absolutely for the benefit of creditors and stockholders and the corporation had no further interest in it.

In Magruder v. Washington, B. & A. Realty Corp., 316 U.S. 69, 62 S.Ct. 922, 86 L.Ed. 1278, the court was asked to determine whether a corporation was "Carrying on or doing business" within the meaning of § 105(a) of the Revenue Act of 1935, 26 U.S.C.A. Int.Rev.Acts, page 796, which provided for a corporate stock tax. The Treasury had promulgated Regu-

549

lation 43(a) (5) which classified the orderly liquidation of property by negotiating sales from time to time and distributing proceeds taken over from another corporation, as constituting the doing of business. The validity of the regulation was challenged but upheld by the court on the ground that during the periods involved the corporation had not fallen into a state of such quietude, that it was merely owning and holding specific property and distributing resulting proceeds but, on the contrary, was actively engaged in fulfilling the purpose of its creation which was the liquidation of its holdings for the best obtainable price. While the present case differs from the Magruder case in that the assignee is not a corporation, we think it clear that the orderly liquidation of property over a period of years, with the purpose of making sales under the most advantageous circumstances, and in the meanwhile contracting for collection of royalties and removal of standing timber, constitutes the carrying on of a business within the rationale of the Magruder case, and it will be observed that the operations of the original and successor assignees continued from November 6, 1919, through the tax years, and so far as we are advised, are still being pursued.

██ But the petitioner, as assignee of the corporation, though doing business and operating property, is not himself a corporation, and by the decision of the Board and the judgment of the court, has been made liable for taxes of the assigning corporation. So, though deciding that he was doing business and operating properties, the query arises as to whose business he was conducting and whose property he was operating. Though he held legal title, neither the business nor the property were his own. The answer, we think, must be that he was conducting the business of the Louisville Property Company and operating its properties for the purpose eventually of liquidating them. It was the corporation and its properties that were being liquidated, and the petitioner was but the agency through which it was to be accomplished. The distinction that the beneficial owners were the creditors and stockholders, is more fanciful than real. The creditors were not the petitioner's, they were creditors of the corporation and became entitled to distributions only because of their claims against the corporation and its assets. The stockholders became entitled to distribution of surplus only because of their interest in the property of the corporation. The corporation could not, by assignment, divest itself entirely of beneficial interest in the property nor free itself of obligation to creditors and stockholders. It was still in being, could sue and be sued, and in its name enforce the obligations of the assignee. In any event, it is a familiar principle that while rights and obligations may be created by state law or contract, the incidence of a Federal tax rests with the taxing power. Helvering v. Stuart, 317 U.S. 154, 162, 63 S.Ct. 140.

An almost identical case is United States v. Metcalf, 9 Cir., 131 F.2d 677. There the property of the corporation passed to a trustee in bankruptcy. The corporation, as such, was no longer doing business. The assets were held by the trustee for gradual but ultimate liquidation, with proceeds to be distributed to creditors. The trustee was not empowered by court order to conduct the business of the bankrupt corporation. Nevertheless, he made agreements concerning rights to oil and gas under leases of corporation property, and leased other property pending sale. The facts are indistinguishable from those in the present case. It was held that the trustee was operating the property of the corporation and so was subject to the provisions of § 52, though such operation was to lead ultimately to liquidation. By a parity of reasoning a similar result was reached in State v. American Bonding & Casualty Co., 225 Iowa 638, 281 N.W. 172.

Higgins v. Com'r, 312 U.S. 212, 61 S. Ct. 475, 85 L.Ed. 783; City Bank Farmers Trust Co. v. Helvering, 313 U.S. 121, 61 S.Ct. 896, 85 L.Ed. 1227; and United States v. Pyne, 313 U.S. 127, 61 S.Ct. 893, 85 L.Ed. 1231, are not in point because they involve testamentary trusts and were without the scope of § 52. United States v. Emery, Bird, Thayer Co., 237 U.S. 28, 35 S.Ct. 499, 59 L.Ed. 825, involved a tax sought to be imposed upon the capital stock of a pure holding company. In re Owl Drug Co., D.C., 21 F.Supp. 907, was decided with respect to income arising after the business of liquidation was completed and the property of the corporation entirely disposed of. In the consideration of a decision of the Board of Tax Appeals, its earlier decisions, though apparently conflicting, are not even mildly persuasive of

550

error. We know of no rule that deprives an administrative tribunal of the privilege, now increasingly exercised by courts, of changing its mind. Finally, it must be observed that we are not dealing with a regulation, authority for which must be found in the statute, but with the explicit command of the statute itself.

██ We come then to the second question in the case and are required to determine whether, by the order of the Board dismissing the 1937 petition on the ground that the petitioner was not the taxpayer, against whom the tax was asserted, it was precluded, upon the principle of res judicata, from entertaining jurisdiction of the present controversy. Here review was sought under the caption of "Louisville Property Co., H. C. Williams, Assignee," and the Board refused to permit the petitioner to amend so as to change the caption of the petition to conform to that in the 1937 case which was dismissed, although in a later case involving 1940 and 1941 taxes it again dismissed a petition for review under the caption "H. C. Williams, Assignee of the Louisville Property Company," on the ground that the 1937 case was res judicata. The obvious purpose of the proposed change was to free Williams, as assignee, from obligation for taxes earlier asserted against the corporation.

In Nachod & United States Signal Co. v. Helvering, 6 Cir., 74 F.2d 164, we suggested a query as to whether decisions of the Board of Tax Appeals have the binding force required by the doctrine of res judicata, a doctrine applicable to decisions of courts. Notwithstanding the change of designation of this tribunal from "Board of Tax Appeals" to "Tax Court of the United States," the Supreme Court in Com'r v. Gooch Milling & Elevator Co., 64 S.Ct. 184, 185, still refers to it in the language of the creating statute, 53 Stat. 158, 26 U.S.C.A. Int.Rev.Code § 1100, as but "an independent agency in the Executive Branch of the Government." We are not, however, obliged to answer the query, for consideration of the two controversies compels the conclusion that the issues therein are not identical. The theory of the 1937 case was that the deficiency notice having been mailed to the corporation, the corporation and only the corporation was liable for the tax. Liability of the assignee under § 52 was neither asserted by the Commissioner nor considered by the Board member who heard the case. In the instant case the tax liability was expressly based on § 52 and sought to be imposed upon the assignee as one who, in the tax years involved, was operating the property or business of the corporation and therefore liable for taxes at the corporation rates. The doctrine of res judicata, even if applicable to decisions of the Board, did not preclude it from taking jurisdiction of the controversy. Finally, since § 52 provides that the assignee must file a return and pay the tax, no question arises in respect to taking the property of one to pay the taxes of another.

The order of the Board in No. 9527 and the judgment in No. 9616, are both

Affirmed.