### HARRISBURG HOTEL CO. v. UNITED STATES.

No. 8557.

Circuit Court of Appeals, Third Circuit.

Argued June 22, 1944.

Decided Aug. 28, 1944.

---

Paul S. McMahon, of Washington, D.C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., and Frederick V. Follmer, U. S. Atty., and Arthur A. Maguire, Asst. U. S. Atty., both of Scranton, Pa., on the brief), for appellant.

Spencer G. Nauman, of Harrisburg, Pa., for appellee.

Before BRATTON* and McLAUGH-LIN, Circuit Judges, and KIRKPATRICK, District Judge.

BRATTON, Circuit Judge.

Section 601(a) of the Revenue Act of 1938, 52 Stat. 447, 565, section 1200(a) of the Internal Revenue Code, 26 U.S.C.A., imposes upon every domestic corporation carrying on or doing business an excise tax based upon the adjusted declared value of its capital stock. Harrisburg Hotel Company, a corporation organized under the laws of Pennsylvania, filed capital stock tax returns for the years ended June 30, 1940, and June 30, 1941, in which it claimed exemption on the ground that it was not doing business within the meaning of the statute. The Commissioner of Internal Revenue denied the exemption and assessed the tax. The tax was paid under protest, and claims for refund were rejected. The taxpayer then instituted this action against the United States to recover the sums paid. The taxpayer prevailed, 51 F.Supp. 436, and the United States appealed.

The question presented is whether during the two years involved the taxpayer was doing business within the meaning of the statute. The question is not new or novel. It has been held in varying factual situations that a corporation was doing business and therefore subject to tax under a statute substantially identical in terms with this section, the basis of decision generally being that the corporation was organized for profit and was engaged in a substantial degree in the activities for which it was organized. Flint v. Stone Tracy Co., 220 U.S. 107, 171, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312; Von Baumbach v. Sargent Land Co., 242 U.S. 503, 37 S.Ct. 201, 61 L.Ed. 460; Edwards v. Chile Copper Co., 270 U.S. 452, 46 S.Ct. 345, 70 L. Ed. 678; Phillips v. International Salt Co., 274 U.S. 718, 47 S.Ct. 589, 71 L.Ed. 1323; Magruder v. Washington, Baltimore & Annapolis Realty Corp., 316 U.S. 69, 62 S. Ct. 922, 86 L.Ed. 1278; Harmar Coal Co. v. Heiner, 3 Cir., 34 F.2d 725, certiorari denied 280 U.S. 610, 50 S.Ct. 159, 74 L.Ed.

* By assignment.

653; United States v. Atlantic Coast Line R. Co., 4 Cir., 99 F.2d 6; Page v. M. Rich & Bros. Co., 5 Cir., 99 F.2d 607; United States v. Peabody Co., 10 Cir., 104 F.2d 267; American Inv. Securities Co. v. United States, 1 Cir., 112 F.2d 231; Lyon Lumber Co. v. Harrison, 7 Cir., 113 F.2d 443; United States v. Hercules Mining Co., 9 Cir., 119 F.2d 288; Barker Bros. Corporation v. Rogan, 9 Cir., 126 F.2d 917; Lamar Hotel Corporation v. Fly, 5 Cir., 134 F.2d 225; Section Seven Corporation v. Anglim, 9 Cir., 136 F.2d 155; New London Northern R. Co. v. Smith, 2 Cir., 141 F.2d 219.

In other cases presenting a variety of facts it has been held that the corporation was not doing business, and hence not subject to the tax, such cases usually being where the corporation merely kept up its organization, received money as rental from a specified parcel of land, distributed such money to its stockholders, and did only the acts necessary to continue that status. Zonne v. Minneapolis Syndicate, 220 U.S. 187, 31 S.Ct. 361, 55 L.Ed. 428; McCoach v. Minehill & S. H. R. Co., 228 U. S. 295, 33 S.Ct. 419, 57 L.Ed. 842; United States v. Emery, Bird, Thayer Realty Co., 237 U.S. 28, 35 S.Ct. 499, 58 L.Ed. 825; North Pennsylvania R. Co. v. Rothensies, 3 Cir., 134 F.2d 333, affirming D.C., 45 F. Supp. 486; General Ribbon Mills, Inc. v. Higgins, 2 Cir., 115 F.2d 472; Continental Baking Corporation v. Higgins, 2 Cir., 130 F.2d 164. A careful examination of these cases demonstrates the difficulty frequently encountered in making application of the critical words of the statute to varying facts. Reference was recently made to that difficulty as "a nebulous field of confusion which has been recognized by courts striving to fit close cases into one category or the other." Magruder v. Washington, Baltimore & Annapolis Realty Corp., supra [316 U.S. 69, 62 S.Ct. 924, 86 L.Ed. 1278].

 It is to be borne in mind that the exaction of the statute is not a tax upon property or upon income. It is an excise upon the particular privilege of doing business with the advantages and benefits which inhere in the peculiarities of a corporation. In Flint v. Stone Tracy Co., supra, it was said that business is a very comprehensive term, that it embraces everything about which one can be employed, and that it includes that which occupies the time, attention, and labor of men for the purpose of a livelihood or profit. But this is general language. Each case must turn upon the particular facts before the court. Von Baumbach v. Sargent Land Co., supra. No particular amount of business is required to bring a corporation within the ambit of the statute. A slight amount will suffice. Von Baumbach v. Sargent Land Co., supra. But it must pursue in some degree the ends for which it was incorporated, where the end is profit. Edwards v. Chile Copper Co., supra.

This taxpayer was organized in 1916 for the purpose of establishing and maintaining a hotel in Harrisburg, Pennsylvania. The erection of the hotel was completed in 1918. On December 4, 1918, the taxpayer leased the hotel, equipment, and furnishings to Frank A. Dudley for a period of thirty years from January 1, 1919, and on the same day Dudley assigned the lease to Penn-Harris Hotel Company. In 1925, the taxpayer and Penn-Harris Hotel Company entered into a supplemental lease covering an annex to the original hotel; and by agreement entered into in 1936, the original lease and the supplemental lease were extended to January 1, 1959. The Penn-Harris Hotel Company was incorporated for the purpose of operating and maintaining a hotel. In connection with the execution of the original lease, the taxpayer acquired and thereafter owned forty-eight per cent of the common stock of Penn-Harris Hotel Company, and the remaining fifty-two per cent was owned by United Hotels Company of America, Inc. The Penn-Harris Hotel Company had nine directors, three of whom were also directors of the taxpayer. The original lease provided as rentals the payment of fixed percentages of the cost of the land, building, and equipment, plus additional amounts during the first five years in the event the earnings exceeded certain levels. And it further provided that the lessee should pay all taxes, assessments, insurance, and repairs. The agreement entered into in 1936 provided for a minimum annual rental of $100,000, plus a graduated percentage of the net earnings of the operating company in excess of $100,000, payable in monthly installments. For the year ended June 30, 1940, the cash receipts of the taxpayer aggregated $129,951.80, and included rental $120,686.13, dividends on stock of the operating company $4,993, refund of taxes $2,585.41, liquidation of assets of closed bank $1,558.67, and interest $128.59; and its cash disbursements totaled $133,973.-02, and included salaries $1,185, legal and

professional fees $1,602.50, directors and stockholders meetings $855.17, stationery and printing $180.84, interest $28,747.87, state and federal taxes $11,964.44, reduction in mortgage loan $50,000, dividend paid $39,226.50, refund of overpayment of rent for 1939 $32.42, and miscellaneous $178.28. For the next year, the cash receipts aggregated $157,615.34, and included rentals of $139,900.38, and dividends on stock of the operating company $9,893; and the cash disbursements totaled $170,203.89. The other items of receipts, and the disbursements, were fairly comparable to those in the former year, except that $6,180 of accumulated funds was invested temporarily in government bonds.

The taxpayer made substantial profits, paid annual dividends to its stockholders averaging five per cent, and retired its mortgage bonds in substantial amounts, some before their maturity. But virtually all of that was done with funds received as rental on the hotel. The taxpayer maintained its corporate structure, directors' meetings were held from time to time, an auditor prepared and submitted to the directors quarterly statements as well as annual audits, and he prepared tax returns. But it did not have any office or place of business, and the salaries paid were only about $1,200 per annum, part of which went to a young woman who did clerical work for the secretary and treasurer. The directors discussed and considered from time to time matters inhering in the operation of the hotel by the operating company. But the taxpayer did not participate actively in the management of the hotel. Its interest in the matters inhering in the operation of the hotel was due to the fact that substantially all of its income represented rentals paid on the hotel, and that it owned stock in the operating company. The taxpayer was organized for two purposes, establishing a hotel and maintaining a hotel. The establishment of the hotel was accomplished in 1918 or 1919. And the Penn-Harris Hotel Company operated and maintained it, not the taxpayer. The taxpayer was not actively engaged in any substantial degree in the characteristic functions for which it was incorporated. Its activities consisted almost exclusively in the receipt of rentals from the hotel, and in the disbursement of such funds in payment of bonds issued long prior to the period in question, in payment of nominal salaries and expenses, in payment of dividends to its stockholders, and in acts necessary to maintain that status. Neither the action of the directors in respect of matters relating to the operation of the hotel by the operating company nor the two isolated transactions involving the temporary purchase of bonds approximating six thousand dollars was enough to subject the corporation to the capital stock tax. Continental Baking Corporation v. Higgins, supra.

 We think the taxpayer was not carrying on or doing business within the meaning of the statute, supra, and therefore was not subject to the tax. Zonne v. Minneapolis Syndicate, supra; McCoach v. Minehill Railway Co., supra; United States v. Emery, Bird, Thayer Realty Co., supra; North Pennsylvania Railroad Co. v. Rothensies, supra; Continental Baking Corporation v. Higgins, supra.

The judgment is affirmed.