**JOHNSON'S ESTATE v. UNITED STATES.**

**No. 45784.**

Court of Claims.

Oct. 2, 1944.

166

John Jay McKelvey, of New York City, for plaintiff.

Fred K. Dyar, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and MADDEN, Judges.

LITTLETON, Judge.

This is a suit to recover capital stock tax in the amount of $9,349.41, with interest, alleged to have been illegally collected under sections 105, Revenue Act of 1935, 401 of the act of 1936, and 601 of the act of 1938, 26 U.S.C.A.Int.Rev.Acts, pages 796, 798 and 1139, for the fiscal years ending June 30, 1937, 1938, and 1939.

The primary question is whether, during the years involved, plaintiff was "carrying on or doing business," within the meaning of the capital stock tax provisions of the taxing acts mentioned.

Plaintiff contends that it was not so engaged in carrying on or doing business, and relies upon the opinion of this court to that effect in Estate of Johnson v. United States, 37 F.Supp. 617, 92 Ct.Cl. 483, decided February 3, 1941, involving the taxable fiscal years 1934, 1935, and 1936. That was a suit by this plaintiff, and the court upon the findings made and the authorities cited in the opinion reached the conclusion that plaintiff was not engaged in carrying on or doing business within the meaning of the applicable taxing acts. In reaching this conclusion in the opinion the court did not discuss nor give effect to the existing Treasury regulations on the question of the applicability of the provisions of the taxing acts to a situation such as was disclosed by the facts. The court found as a fact that plaintiff was engaged in carrying out the purposes of its organization and that "The plaintiff, during the period involved in the case, confined its activities to the owning, holding, and preservation of its property with intent to dispose of the same and distribute its avails in liquidation, and did only the acts necessary to continue that status." The court concluded that this did not constitute the "carrying on or doing business."

We think this conclusion of the court upon the facts involved has been overruled in Magruder, Collector of Internal Revenue, v. Washington, B. & A. Realty Corp., 316 U.S. 69, 62 S.Ct. 922, 86 L.Ed. 1278. In that case, which is very similar to the case at bar, the court held, first, that a corporation which was organized for the purpose of liquidating the properties of another corporation, and which, since its organization, had been carrying on negotiations for the sale of the properties, selling them from time to time as satisfactory offers were received, and renting unsold properties under short-term leases in an

attempt to earn the carrying charges pending sale, was carrying on or doing business within the meaning of the taxing act; and, second, that the Treasury Regulation provision that "doing business" includes activities of a corporation engaged in liquidation of properties taken over for that purpose is valid and was applicable to the situation there presented.

After quoting from art. 43(a) (5) of Regulations 64, the court said, 316 U.S. at pages 72–74, 62 S.Ct. at page 923, 86 L.Ed. 1278, as follows:

"If the regulation is both applicable and valid, respondent manifestly cannot prevail.

"On the question of applicability there can be no doubt for the language of the regulation precisely describes respondent's activities. We find without substance respondent's assertions that Article 43(b) (2) is inconsistent with Article 43(a) (5) and that it more exactly fits the facts of this case. During the period in question respondent did not fall into that state of quietude, covered by the specific language of Article 43(b) (2), in which it was merely owning and holding specific property and distributing the resulting proceeds. See Zonne v. Minneapolis Syndicate, 220 U.S. 187, 31 S.Ct. 361, 55 L.Ed. 428; cf. Von Baumbach v. Sargent Land Co., 242 U.S. 503, 516, 517, 37 S.Ct. 201, 204, 61 L.Ed. 460. On the contrary, respondent was actively engaged in fulfilling the purpose of its creation, the liquidation of its holdings for the best obtainable price.

"Article 43(a) (5) is both a contemporary and a longstanding administration interpretation, having been in effect in substantially the same form since 1918, except for the period from 1926 to 1933 when the tax was not imposed. We are of opinion that it is valid, as well as applicable.

"The crucial words of the statute, 'carrying on or doing business', are not so easy of application to varying facts that they leave no room for administrative interpretation or elucidation. To be sure, in many, if not in most instances the factual situation will be so extreme as to leave no doubt whether a corporation is doing business or not. But the nuances of facts between the two extremes have produced a nebulous field of confusion which has been recognized by courts striving to fit close cases into one category or the other. Interpretative regulations, such as Article 43(a) (5), are appropriate aids toward eliminating that confusion and uncertainty. Cf. Helvering v. Wilshire Oil Co., 308 U.S. 90, 102, 60 S.Ct. 18, 25, 84 L.Ed. 101; Textile Mills Securities Corp. v. Commissioner, 314 U.S. 326, 62 S.Ct. 272, 86 L.Ed. [249]."

In the case at bar it appears, as it appeared in the prior case reported in 37 F. Supp. 617, 92 Ct.Cl. 483, that shortly after the death of Isaac G. Johnson a plan was submitted by an attorney for the estate under which the business interests of the decedent could be continued and a convenient means provided for the distribution of the estate upon its final liquidation to the various parties interested therein (finding 3).

A definite purpose in organizing the plaintiff was the eventual distribution of Isaac G. Johnson's estate among his heirs and the convenient handling of his estate pending liquidation. Under its certificate of incorporation plaintiff had the usual powers of a real estate company which it largely exercised down to 1929, when by resolution it declared that it was its purpose to liquidate as "its property can be advantageously disposed of."

From that time to the end of the period here involved, plaintiff has acquired no new properties but otherwise has continued all the activities necessary to the handling of large and valuable real estate holdings in the way of business management, physical care, and conserving and making effort towards greater value and greater ultimate profit. It has engaged in the orderly liquidation of property by negotiating sales from time to time as opportunity and judgment dictate, and distributing the proceeds as liquidation is effected. This "orderly liquidation" has been a purpose since 1904, when it was incorporated, and since 1929 has been the sole purpose of plaintiff (finding 27). Substantial operations were carried on (finding 19).

On the facts and under the decision of Magruder v. Washington, B. & A. Realty Corp., supra, plaintiff is not entitled to recover. It is not necessary to discuss the other questions as to res judicata, or the timeliness of the suit as to 1937 under the refund claim filed and rejected for that year (findings 22 and 23).

The petition is dismissed. It is so ordered.